# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

MICHELE SAUNDERS and RICHARD
HAYDEN, individually and on behalf of all
others similarly situated,

               Plaintiffs,

   v.

HEARST TELEVISION, INC.,

               Defendant.

Case No. 1:23-cv-10998

**DEFENDANT HEARST
TELEVISION INC.'S ANSWER TO
THE FIRST AMENDED CLASS
ACTION COMPLAINT**

Hon. Richard G. Stearns

Matthew Greenfield (Mass. BBO No. 684596)
Jonathan R. Donnellan*
Andrea R. Butler*
Kristen L. Hauser*
*The Hearst Corporation*
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 649-2484
Fax: (212) 554-7000
matthew.greenfield@hearst.com
jdonnellan@hearst.com
abutler@hearst.com
khauser@hearst.com

*Admitted Pro Hac Vice*

*Attorneys for Defendant Hearst Television Inc.*

Except as specifically admitted, Defendant Hearst Television Inc. ("HTV"), through its undersigned counsel, denies each and every allegation contained in the First Amended Class Action Complaint of Plaintiffs Michele Saunders and Richard Hayden ("Plaintiffs") dated August 9, 2023 (ECF No. 22) (the "Complaint")[1], and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or allegation or in the Complaint as a whole.  HTV further denies any allegations contained in the Table of Contents, headings, headers, footnotes, graphics, images, or unnumbered paragraphs in the Complaint.  HTV reserves the right to supplement and/or amend this Answer, and further reserves any and all affirmative defenses available to it.  HTV further states as follows in response to the Complaint's corresponding numbered allegations:

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV admits that this action is styled as a purported class action, denies that it brings claims against "Hearst Communications, Inc." or that "Hearst Communications, Inc." is a defendant in this case, admits that the Complaint alleges claims under the VPPA against HTV, but denies that HTV violated the VPPA.

2.      Paragraph 2 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV notes that Paragraph 2 appears to accurately quote portions of the cited document, but refers to the full text of the that document for its complete contents, and denies Plaintiffs' characterization of Congress's purported purposes.

3.      Paragraph 3 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV notes that Paragraph 3 appears to

---

[1] On January 31, 2024, Plaintiff Richard Hayden voluntarily dismissed his claims against HTV.  ECF No. 34.  Any references herein to "Plaintiffs" or "Plaintiff" should therefore be read to refer solely to Plaintiff Michelle Saunders.

accurately quote a portion of the VPPA, but refers to the full text of the statute (including its exemptions) for its complete contents, and denies Plaintiffs' characterization of the VPPA's coverage, which is incomplete.

4.      HTV denies the allegations contained in Paragraph 4 of the Complaint, except admits that HTV operates a number of mobile applications connected to broadcast television stations, including mobile applications for the stations listed and that the mobile applications for those stations provide news, weather, and other content.  HTV acknowledges that the Complaint defines "Apps" as indicated in Paragraph 4.

5.      Paragraph 5 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

6.      Paragraph 6 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV denies that any violation of the VPPA has occurred and denies that Plaintiffs are entitled to any relief, but admit that Plaintiffs have filed this action.

## FACTUAL BACKGROUND

7.      Paragraph 7 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV refers to the full text of that document for its contents, and denies Plaintiffs' characterization of the VPPA's purported purposes.

8.      HTV admits that the VPPA was amended in 2012 and otherwise notes that Paragraph 8 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV refers to the text of that document for its complete contents, and denies Plaintiffs' characterization of the VPPA's purported coverage

and/or purpose.

9.      Paragraph 9 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV refers to the text of the statute (including its exemptions) for its complete contents, and denies Plaintiffs' characterization of the VPPA's coverage, which is incomplete.

10.     HTV admits Paragraph 10 of the Complaint.

11.     HTV denies the allegations contained in Paragraph 11 of the Complaint.

12.     HTV denies the allegations contained in Paragraph 12 of the Complaint, except admits that the Apps serve different communities.

13.     HTV denies the allegations contained in Paragraph 13 of the Complaint, except admits that broadcast station WCVB-TV is based in Massachusetts and has a studio in Needham, Massachusetts.  HTV further admits that the phrase "Boston's News Leader" is used in branding for the WCVB broadcast station.  HTV further admits that broadcast station WMUR-TV is based in Manchester, New Hampshire and that the associated website has a section with the URL wmur.com/boston-marathon and reports on, among other sports, Boston sports teams.

14.     HTV denies the allegations contained in Paragraph 14 of the Complaint, except admits that the content on the Apps includes video among other content.

15.     HTV denies the allegations contained in Paragraph 15 of the Complaint, except admits that the content within the Apps may include advertisements, if not disabled by users.

16.      HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint and on that basis denies them.

17.      HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint and on that basis denies them.

18.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis denies them.

19.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis denies them.

20.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint and on that basis denies them.

21.     HTV denies that it "integrates into the Apps the Braze API", and otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of the Complaint and on that basis denies them.

22.     HTV denies that it "integrates into the Apps the DoubleClick API", and otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and on that basis denies them.

23.     Paragraph 23 contains legal conclusions that need no response, but to the extent a response is required, HTV denies the allegations contained in Paragraph 23 of the Complaint.

24.     HTV denies the allegations contained in Paragraph 24 of the Complaint.  HTV further denies that the graphics included as part of Paragraph 24 accurately describe any HTV App.

25.     HTV denies the allegations contained in Paragraph 25 of the Complaint.  HTV further denies that the graphics included as part of Paragraph 25 accurately describe any HTV App.

26.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint and on that basis denies them.  HTV further avers that the second sentence of Paragraph 26 contains a legal conclusion that requires no response, but to the extent a response is required, HTV denies the allegations contained in the second sentence of Paragraph 26.

27.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29.    Paragraph 29 includes legal conclusions to which no response is required, but to the extent a response is required, HTV denies the allegations contained in Paragraph 29 of the Complaint.

30.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint and on that basis denies them.

31.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint and on that basis denies them.

32.    HTV denies the allegations contained in Paragraph 32 of the Complaint.

33.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint and on that basis denies them.

34.    HTV denies the allegations contained in Paragraph 34 of the Complaint.

35.    HTV denies the allegations contained in Paragraph 35 of the Complaint, except admits that an email address is a "string of characters".

36.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint and on that basis denies them.

37.    HTV admits that geolocation is described in the referenced sources as quoted in Paragraph 37 of the Complaint.

38.    HTV denies the allegations contained in Paragraph 38 of the Complaint, except lacks sufficient knowledge or information to admit or deny the first sentence of Paragraph 38 of

the Complaint and on that basis denies the allegations contained in that sentence.

39.     The second sentence of Paragraph 39 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent a response is required, HTV denies the allegations in that sentence.  HTV denies the remainder of the allegations contained in Paragraph 39, except admits that any geolocation obtained is unhashed and hashed.

40.     HTV denies the allegations contained in the first sentence of Paragraph 40 of the Complaint and lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 40 of the Complaint and on that basis denies them.

41.     Paragraph 41 of the Complaint does not state an allegation of fact and therefore no response is required.  To the extent any factual allegation purportedly is included within Paragraph 41, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint and on that basis denies them.

42.     HTV denies the allegations contained in Paragraph 42 of the Complaint.

43.     HTV denies the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint includes statements that are not allegations of fact and therefore no response is required.  To the extent any factual allegation purportedly is included within Paragraph 44, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint and on that basis denies them.

45.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Complaint and on that basis denies them.

46.     Hearst denies the allegations contained in Paragraph 46 of the Complaint.

47.     HTV admits that an AAID can include numbers but otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint and

on that basis denies them.

48.     Paragraph 48 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations, except admits that AAIDs can be reset.

49.     HTV denies the allegations contained in Paragraph 49 of the Complaint.

50.     HTV denies the allegations contained in the first sentence of Paragraph 50.  The remainder of Paragraph 50 of the Complaint consists of legal or other conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

51.     Paragraph 51 of the Complaint consists of legal or other conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

52.     HTV denies the allegations contained in the first sentence of Paragraph 52 of the Complaint (except admits that a user ID can include numbers), and lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 52 and on that basis denies them.

53.     Paragraph 53 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

54.     HTV denies the allegations contained in Paragraph 54 of the Complaint.

55.     HTV denies the allegations contained in Paragraph 55 of the Complaint.

56.     HTV denies the allegations contained in Paragraph 56 of the Complaint.

57.     HTV denies the allegations contained in Paragraph 57 of the Complaint.

58.     HTV denies the allegations contained in Paragraph 58 of the Complaint.

59.     HTV admits it transmits "api_key".  HTV lacks sufficient knowledge or information to admit or deny the second sentence of Paragraph 59 of the Complaint, and on that

basis denies those allegations.  HTV otherwise denies the allegations contained in Paragraph 59 of the Complaint.

60.     HTV denies the allegations contained in Paragraph 60 of the Complaint, except admits that "api_key" will be specific to a particular App.

61.     Paragraph 61 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

62.     HTV denies the allegations contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

64.     HTV denies the allegations contained in Paragraph 64 of the Complaint.

65.     HTV denies the allegations contained in Paragraph 65 of the Complaint.

66.     HTV denies the allegations contained in Paragraph 66 of the Complaint.

67.     HTV denies the allegations contained in Paragraph 67 of the Complaint.

68.     HTV denies the allegations contained in Paragraph 68 of the Complaint.

69.     HTV denies the allegations contained in Paragraph 69 of the Complaint, except admits that the "time" entry in Paragraph 69 is a Unix Timestamp and that the nature of a Unix Timestamp generally is accurately described.

70.     HTV denies the allegations contained in Paragraph 70 of the Complaint.

71.     HTV denies the allegations contained in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

73.     Paragraph 73 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

74.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint and on that basis denies them.

75.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint and on that basis denies them.

76.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint and on that basis denies them, except admits that it uses Braze in connection with push and in-app notifications at the request of users.

77.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint and on that basis denies them.

78.     Paragraph 78 of the Complaint does not state an allegation of fact and therefore no response is required. To the extent a response is required, HTV denies the allegations contained in Paragraph 78 of the Complaint.

79.     To the extent that Paragraph 79 of the Complaint purports to describe entities other than HTV, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint and on that basis denies such allegations.  To the extent that Paragraph 79 purports to describe HTV's use of Braze, Hearst denies the allegations contained in Paragraph 79 of the Complaint.

80.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint and on that basis denies them.

81.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint and on that basis denies them.

82.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint and on that basis denies them.

83.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint and on that basis denies them, except admits that HTV may configure its use of Braze to collect (or not collect) types of information.

84.     HTV denies the allegations contained in Paragraph 84 of the Complaint.

85.     HTV denies the allegations contained in Paragraph 85 of the Complaint.

86.     HTV denies the allegations contained in Paragraph 86 of the Complaint.

87.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint and on that basis denies them.

88.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint and on that basis denies them.

89.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint and on that basis denies them, and denies that this applies to HTV.

90.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint and on that basis denies them, and denies that this applies to HTV.

91.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Complaint and on that basis denies them, and denies that this applies to HTV.

92.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Complaint and on that basis denies them, and denies that this applies to HTV.

93.     HTV lacks sufficient knowledge or information to admit or deny the allegations

in Paragraph 93 of the Complaint and on that basis denies them, and denies that this applies to HTV.

94.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Complaint and on that basis denies them, and denies that this applies to HTV.

95.     HTV denies the allegations contained in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies the allegations contained in Paragraph 96 of the Complaint.

97.     HTV denies the allegations contained in Paragraph 97 of the Complaint.

98.     HTV denies the allegations contained in Paragraph 98 of the Complaint, but admits that from time to time HTV may seek employees with familiarity with Braze.

99.     HTV denies that it "appear[ed] in a case study featuring its use of Google services" but otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 of the Complaint and on that basis denies them, and refers to the referenced document for its contents.

100.     HTV denies that it "[c]ompleted integration with DoubleClick for Publishers to enable new analytics insights, better reporting and ability to seamlessly create and target audience segments" but otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 of the Complaint and on that basis denies them, and refers to the referenced document for its contents.

101.     HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 of the Complaint and on that basis denies them, and refers to the referenced

document for its contents.

102.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 102 of the Complaint and on that basis denies them, and refers to the referenced document for its contents.

103.    The first sentence of Paragraph 103 of the Complaint does not consist of any factual statement and thus cannot be admitted or denied.  To the extent a response is required, HTV denies the allegations contained in the first sentence of Paragraph 103 of the Complaint. HTV lacks sufficient knowledge or information to admit or deny the second sentence of Paragraph 103 of the Complaint and on that basis denies it.  HTV denies the last sentence of Paragraph 103 of the Complaint.

104.    HTV denies the allegations contained in Paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint does not consist of any factual statement and thus cannot be admitted or denied.  To the extent a response is required, HTV denies the allegations contained in Paragraph 105 of the Complaint.

106.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Complaint and on that basis denies them.

107.    HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint and on that basis denies them.

108.    HTV denies the allegations contained in Paragraph 108 of the Complaint.

109.    HTV denies the allegations contained in Paragraph 109 of the Complaint.

110.    HTV denies the allegations contained in Paragraph 110 of the Complaint.

111.    HTV denies the allegations contained in Paragraph 111 of the Complaint.

112.    The allegations in Paragraph 112 of the Complaint are moot pursuant to ECF No.

34. To the extent they are not, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 112 of the Complaint and on that basis denies them.

113. The allegations in Paragraph 113 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 113 of the Complaint and on that basis denies them.

114. The allegations in Paragraph 114 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV denies the allegations contained in Paragraph 114 of the Complaint.

115. The allegations in Paragraph 115 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV denies the allegations contained in Paragraph 115 of the Complaint.

116. The allegations in Paragraph 116 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV denies the allegations contained in Paragraph 116 of the Complaint.

117. The allegations in Paragraph 117 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV denies the allegations contained in Paragraph 117 of the Complaint.

## **PARTIES**

118. HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 of the Complaint and on that basis denies them.

119. The allegations in Paragraph 119 of the Complaint are moot pursuant to ECF No. 34. To the extent they are not, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 of the Complaint and on that basis denies them.

120.    HTV denies the allegations contained in Paragraph 120 of the Complaint, except admits that HTV is a Delaware corporation whose principal place of business is at 300 West 57th Street, New York, NY 10019.

## JURISDICTION AND VENUE

121.    Paragraph 121 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV admits these allegations.

122.    Paragraph 122 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

123.    Paragraph 123 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.  HTV does not dispute that this Court may exercise personal jurisdiction in this case over it.

124.    HTV denies the allegations contained in Paragraph 124 of the Complaint.

125.    HTV denies the allegations contained in Paragraph 125 of the Complaint.

126.    HTV denies the allegations contained in Paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is requires, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 of the Complaint and on that basis denies them.

## CLASS ALLEGATIONS

128.    HTV admits that Plaintiffs seek to represent the defined "Class", but denies that any class, including the defined class, can be certified in this case, and denies that Plaintiffs may represent the defined or any other class.

129.    HTV admits that Plaintiff Saunders seeks to represent the defined "Class", but denies that any class, including the defined class, can be certified in this case, and denies that

Plaintiff Saunders may represent the defined class.

130.  The allegations in Paragraph 130 of the Complaint are moot pursuant to ECF No. 34.  To the extent they are not, HTV denies that any class, including the defined class, can be certified in this case, and denies that any Plaintiff may represent the defined class.

131.  Paragraph 131 of the Complaint does not consist of any factual statement and thus cannot be admitted or denied.  To the extent a response is required, HTV admits that Plaintiffs and the Complaint purport to refer to the defined Class, the WCVB 5 Subclass, and the WMUR 9 Subclass as the "Classes".

132.  Paragraph 132 of the Complaint does not consist of any factual statement and thus cannot be admitted or denied.

133.  Paragraph 133 of the Complaint consists of legal conclusions or other statements to which no response is required.  To the extent a response is requires, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 133 of the Complaint and on that basis denies them and denies that certification of any class is proper.

134.  Paragraph 134 of the Complaint consists of legal conclusions or other statements to which no response is required.  To the extent a response is requires, HTV denies the allegations contained in Paragraph 134 and denies that certification of any class is proper.

135.  Paragraph 135 of the Complaint consists of legal conclusions or other statements to which no response is required.  To the extent a response is requires, HTV lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 135 of the Complaint and on that basis denies them and denies that certification of any class is proper.

136.  Paragraph 136 of the Complaint consists of legal conclusions or other statements to which no response is required.  To the extent a response is requires, HTV lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 136 of the Complaint

and on that basis denies them and denies that certification of any class is proper.

137.    Paragraph 137 of the Complaint consists of legal conclusions or other statements

to which no response is required.  To the extent a response is requires, HTV denies the allegations

contained in Paragraph 137 and denies that certification of any class is proper.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE VPPA,
### 18 U.S.C. § 2710

138.    HTV incorporates by reference its responses to all preceding paragraphs of the

Complaint as if fully set forth herein.  Paragraph 138 of the Complaint fails to state any allegation

of fact and is therefore denied.

139.    Paragraph 139 of the Complaint fails to state any allegation of fact and is therefore

denied.

140.    Paragraph 140 of the Complaint consists of legal conclusions to which no response

is required, but to the extent a response is required, HTV denies these allegations.

141.    Paragraph 141 of the Complaint consists of legal conclusions to which no response

is required, but to the extent a response is required, HTV denies these allegations.

142.    HTV lacks sufficient knowledge or information to admit or deny the allegations

in the first sentence of Paragraph 142 of the Complaint and on that basis denies those allegations.

The remainder of Paragraph 142 consists of legal conclusions to which no response is required,

but to the extent a response is required, HTV denies these allegations.

143.    Paragraph 143 of the Complaint consists of legal conclusions to which no response

is required, but to the extent a response is required, HTV denies these allegations.

144.    Paragraph 144 of the Complaint consists of legal conclusions to which no response

is required, but to the extent a response is required, HTV denies these allegations.

145.    Paragraph 145 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

146.    Paragraph 146 of the Complaint consists of legal conclusions to which no response is required, but to the extent a response is required, HTV denies these allegations.

147.    Paragraph 147 of the Complaint consists of legal conclusions or other statements to which no response is required, but to the extent a response is required, HTV denies these allegations and denies that Plaintiff or any putative class member is entitled to the relief requested.

## PRAYER FOR RELIEF

Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein.  The Prayer for Relief fails to state any allegation of fact and is therefore denied, and HTV denies that either Plaintiff or the purported Class is entitled to any form of relief sought in the Complaint or to any other form of relief whatsoever.

## JURY DEMAND

Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein.  The Jury Demand fails to state any allegation of fact and is therefore denied.

## DEFENSES

HTV incorporates by reference its foregoing responses to the Paragraphs of the Complaint as if fully set forth herein.  HTV asserts the following affirmative and other defenses to the claims asserted in the Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.  HTV reserves the right to amend this Answer and to assert additional defenses and to supplement, alter, or change its Answer and Affirmative Defenses upon further investigation

and discovery.

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     Plaintiff's claim is barred, in whole or in part, to the extent it was not filed within the applicable statutes of limitations filing periods.

3.     Plaintiff's claim is barred by the doctrine of laches, waiver, and estoppel.

4.     Plaintiff's claim is barred to the extent Plaintiff failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

5.     At all times material to this action and the allegations set forth in the Complaint, HTV acted lawfully and in good faith and without any intent to deny Plaintiff any rights under applicable law, and has reasonable grounds for believing it was complying with applicable law.

6.     The alleged conduct is expressly permitted under the VPPA.  *See* 18 U.S.C. § 2710(b)(2).

7.     If Plaintiff suffered any loss or damage, which HTV denies, any such loss or damage was caused by Plaintiff's own conduct and not by any alleged conduct on the part of HTV.

8.     Plaintiff's claim is barred because Plaintiff has not suffered any damage proximately caused by HTV.

9.     Any and all damages claimed by Plaintiff, whether compensatory, punitive, liquidated, actual, equitable, attorneys' fees, or otherwise, are subject to all statutory exclusions, caps and limitations applicable to claims.

10.    Plaintiff's claim is barred by the First Amendment to the U.S. Constitution.  *See* U.S. Const. amend. I.

11.     Plaintiff's claim for statutory and/or punitive damages is barred under the U.S. Constitution.  *See* U.S. Const. amends. V, VII.

12.     Plaintiff is not a proper plaintiff because Plaintiff is not an "aggrieved person."  18 U.S.C. § 2710(b)(1).

13.     Plaintiff lacks standing to bring the claim asserted in the Complaint.

14.     HTV has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or appear during the proceedings in this action.  HTV reserves the right to amend its answer and/or affirmative defenses accordingly and assert any such defense.

Dated: February 1, 2023                         Respectfully submitted,

                                                By:  */s/ Matthew Greenfield*
                                                Matthew Greenfield (Mass. BBO No. 684596)
                                                Jonathan R. Donnellan*
                                                Andrea R. Butler*
                                                Kristen Hauser*
                                                *The Hearst Corporation*
                                                Office of General Counsel
                                                300 West 57th Street, 40th Floor
                                                New York, NY 10019
                                                Tel: (212) 649-2484
                                                Fax: (212) 554-7000
                                                matthew.greenfield@hearst.com
                                                jdonnellan@hearst.com
                                                abutler@hearst.com
                                                khauser@hearst.com

                                                *Admitted Pro Hac Vice*

                                                *Attorneys for Defendant Hearst Television Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on February 1, 2024.

By: *<u>/s/ Matthew Greenfield</u>*
Matthew Greenfield