**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHARLES THERRIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARST TELEVISION, INC.,<br><br>Defendant. | Case No. 1:23-cv-10998-RGS<br><br>Leave to file granted on February 13, 2025<br><br>Hon. Richard G. Stearns |

**DEFENDANT HEARST TELEVISION INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

**TABLE OF CONTENTS**

**PAGE**

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S 56.1 STATEMENT ........ 1

I. THE HTV MOBILE APPS. ........ 1

II. PLAINTIFF'S USE OF THE WMUR APP. ........ 5

III. HTV MOBILE APP CONTENT. ........ 20

IV. HOW CONTENT IS PUBLISHED ON THE HTV APPS. ........ 27

V. USER ACCESS TO THE HTV APPS. ........ 32

VI. HTV'S USE OF BRAZE. ........ 39

A. App Installation. ........ 47

B. Geolocation. ........ 49

C. COID ........ 53

D. Video Count. ........ 55

E. AAID ........ 58

VII. HTV'S USE OF GOOGLE AD MANAGER (GAM). ........ 58

VIII. ADVERTISEMENTS IN THE HTV APPS. .......... 61

IX. HEARST TELEVISION. .......... 65

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE 56.1 STATEMENT OF FACTS .......... 71

I. DEFENDANT DISCLOSED PII TO BRAZE AND GOOGLE .......... 71

II. DEFENDANT DISCLOSED PII TO BRAZE FOR TARGETED MARKETING AND ANALYTICS .......... 80

III. DEFENDANT DISCLOSED PII TO GOOGLE FOR TARGETED ADVERTSING .......... 88

IV. GEOLOCATION, E-MAIL ADDRESS, AND AAID ARE REASOANBLY AND FORSEEABLY LIKELY TO IDENTIFY CLASS MEMBERS .......... 90

V. THE COID/ARTID AND URL OF THE ARTICLES DISCLOSES THE VIDEOS REQUESTED OR OBTAINED BY CLASS MEMBERS, AS WELL AS THEIR SUBJECT MATTER .......... 128

VI. DEFENDANT KNOWINGLY VIOLATED THE VPPA .......... 131

Pursuant to Rule 56.1 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Local Rules of the United States District Court for Massachusetts, Defendant Hearst Television Inc. ("HTV"), by and through its counsel, hereby responds to Plaintiff's Statement of Material Facts (ECF No. 129).[1]

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S 56.1 STATEMENT

### I. THE HTV MOBILE APPS.

1. HTV (or affiliated entities) operates 28 local broadcast television stations that produce news and weather content in various geographic media markets in the United States, including WMUR-TV in Manchester, NH and WCVB-TV in Boston, MA. Other stations include WBBH-TV in Fort Myers/Naples, FL, WESH-TV in Orlando, FL, KCRA-TV in Sacramento, CA, WTAE-TV in Pittsburgh, PA, WBAL-TV in Baltimore, MD, KMBC-TV in Kansas City, MO, WLWT-TV in Cincinnati, OH, WISN-TV in Milwaukee, WI, WPBF-TV in West Palm Beach, FL, WYFF-TV in Greenville/Spartanburg, SC, KOCO-TV in Oklahoma City, PA, WVTM-TV in Birmingham, AL, WGAL-TV in Lancaster/Harrisburg, PA, KOAT-TV in Alburquerque, NM, WXII-TV in Greensboro/High Point/Winston-Salem, NC, WLKY-TV in Louisville, KY, WDSU-TV in New Orleans, LA, KCCI-TV in Des Moines, IA, KETV in Omaha, NE, WMTW-TV in Portland/Auburn, ME, WJCL-TV in Savannah, GA, WAPT-TV in Jackson, MS, WPTZ-TV in Burlington, VT/ Plattsburgh, NY, KHBS-TV/KHOG-TV in Fort Smith/Fayetteville, AR and KSBW-TV in Monterey/Salinas, CA. Declaration of Andrea Butler dated January 17, 2025

[1] Citations to paragraphs in Defendant's Statement of Undisputed Material Facts are abbreviated as "DSOF" and include Plaintiff's Response and Defendant's Reply to those paragraphs. Citations to paragraphs in Plaintiff's Statement of Material Facts are abbreviated as "PSOF" herein and include Defendant's response to those paragraphs. All other abbreviations are as set forth in HTV's moving papers.

("Butler Decl.") at. Ex. A, Rosellini Decl. ¶ 5; Ex. B, Rosellini Dep., 9:15-24.

**Plaintiff's Response: Admit**

2. Each of the listed stations broadcasts live local news and weather programming to viewers on TV. Ex. A, Rosellini Decl. ¶ 6, Ex. B, Rosellini Dep. at 10:10-21.

**Plaintiff's Response: Admit**

3. HTV stations' live local news and weather programming also are available for viewing on mobile applications operation by HTV (the "HTV Apps").[2] Ex. A, Rosellini Decl. ¶ 6; Ex. B, Rosellini Dep. at 10:13-12:11 & errata.

**Plaintiff's Response: Admit**

4. The HTV Apps also publish news and weather articles for access by users at any time. Ex. A, Rosellini Decl. ¶ 6; Ex. B, Rosellini Dep. at 10:13-11:4 & errata.

**Plaintiff's Response: Admit**

5. News and weather articles on HTV Apps may include one or multiple videos, or no videos at all. Ex. A, Rosellini Decl. ¶ 7; Ex. B, Rosellini Dep. at 69:13-21, 198:4-199:9 & errata; *see also* Ex. D, Reardon Dep. at 127:15-131:3.

**Plaintiff's Response: Admit**

6. The majority of those videos, when present, have aired live on a HTV news broadcast. Ex. A, Rosellini Decl. ¶ 7.

**Plaintiff's Response: Admit**

7. Some articles include live video. Ex. A, Rosellini Decl. ¶ 7.

**Plaintiff's Response: Objection. This statement is inadmissible hearsay pursuant to Fed. R. Civ. P. 802. It also violates the "best evidence rule." Fed. R. Evid. 1002. Subject to these objections, Plaintiff denies this statement as there is no admissible basis for this**

---

[2] Collectively HTV's mobile applications are referred to herein as the "HTV Apps", and any individual app is an "HTV App" or "App".

**testimony.**

*Defendant's Reply:* Fed. R. Evid. 802 does not preclude the cited testimony. Fed. R. Civ. P. 56 explicitly permits affidavits based on personal knowledge submitted in support of summary judgment, and Fed. R. Evid. 802 and its Advisory Cmte. notes provide that Fed. R. Civ. P. 56 affidavits are excepted from Fed. R. Evid. 802's general bar on hearsay. *See also* 28 U.S.C. § 1746. Nor does Fed. R. Evid. 1002 preclude the cited testimony, which is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge and describes features of articles and functionality of HTV's content management system ("CMS") in general as they exist across HTV's apps. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978). *See also* Ex. A, Rosellini Decl. ¶¶ 4, 7. As there is no valid evidentiary objection pertaining to DSOF ¶ 7, and Plaintiff has cited no admissible evidence to support its denial, DSOF ¶ 7 should be deemed admitted.

8. The Apps provide users access to live news and weather feeds. Ex. A, Rosellini Decl. ¶ 7; Ex. B, Rosellini Dep. at 10:13-12:11 & errata.

**Plaintiff's Response: Admit**

9. The Apps provide users access to news and weather articles. Ex. A, Rosellini Decl. ¶ 7; Ex. B, Rosellini Dep. at 10:13-12:11 & errata.

**Plaintiff's Response: Admit**

10. A user does not need to pay HTV in order to access the content and HTV has no mechanism to collect payments from mobile application users. Ex. A, Rosellini Decl. ¶ 8; *see also* Ex. B, Rosellini Dep. at 18:24-19:18 & errata.

**Plaintiff's Response: Admit as to monetary payment, but deny because Plaintiff "paid" by downloading the app and providing his PII. Butler Decl. Ex. C ("Therrien Dep.") at 92:10-19 (downloading the app); *id.* 93:10-14 (providing consideration in the form of his PII).**

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "A user does not need to pay HTV in order to access the content and HTV has no mechanism to collect payments from mobile application users." Plaintiff's counterstatement does not create a material factual dispute regarding DSOF ¶ 10 because it does not contradict anything in DSOF ¶ 10. Even if Plaintiff were correct that providing "PII" was equivalent to "payment" (and nothing in the cited testimony supports that), it does not contradict that no payment was required to use the Apps. Because Plaintiff has cited no admissible evidence to support its denial, DSOF ¶ 10 should be deemed admitted.

11. A user is not required to sign up for an account in order to access the content on HTV's mobile applications, or to watch videos. Ex. A, Rosellini Decl. ¶ 9; Ex. B, Rosellini Dep. at 52:2-24, 158:25-159:9, 110:12-20; *see also* Ex. D, Reardon Dep. at 98:17-21.

**Plaintiff's Response: Admit**

12. A user does not need to grant geolocation permission to install or use the HTV Apps or to watch videos. Ex. A, Rosellini Decl. ¶ 9, Ex. B; Rosellini Dep. at 52:2-24, 158:25-159:9, 110:12-20.

**Plaintiff's Response: Admit**

13. A user does not need to provide an email address to install or use the HTV Apps or to watch videos. Ex. A, Rosellini Decl. ¶ 9; Ex. B, Rosellini Dep. at 91:20-92:6, 110:12-20.

**Plaintiff's Response: Admit**

14. A user does not need to grant permission to share a device mobile advertising ID ("AAID" or "MAID") to install or use the HTV Apps or to watch videos. Ex. A, Rosellini Decl.¶¶ 9 & 12; Ex. B, Rosellini Dep. at 73:2-18, 77:22-78:17; *see also* Ex. D, Reardon Dep. at 106:9-16.

**Plaintiff's Response: Admit**

15. An App user does not need to permit push notifications or "push" alerts in order to install or use the HTV Apps or to watch videos. Ex. B, Rosellini Dep. at 126:14-23; Ex. A, Rosellini Decl. ¶ 10; *see also* Ex. B, Rosellini Dep. at 126:24-127:22.

**Plaintiff's Response: Admit**

16. An App user does not need to subscribe to email newsletters in order to install or use the HTV Apps or to watch videos. Ex. B, Rosellini Dep. at 126:14-127:22; *see also* Ex. A, Rosellini Decl. ¶ 10.

**Plaintiff's Response: Admit**

17. HTV does not request or obtain a user's name, street address or phone number from HTV App users. Ex. A, Rosellini Decl. ¶ 9.

**Plaintiff's Response: Deny. Defendant requests geolocation, e-mails address, AAID, and other information from users—which Defendant then discloses to Braze and Google—that readily permit Defendant and third parties to infer a user's name, street address, and/or phone number. *See*, *e.g.*, PSOF ¶¶ 4-6, 10-12, 26-29, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151.**

> Defendant's Reply: There is no genuine dispute of material fact, as Plaintiff has not cited specific evidence to support his denial that "HTV does not request or obtain a user's name, street address or phone number from HTV App users" as required by Local Civil R. 56.1. None of the evidence cited in the PSOFs show that HTV does in fact request or obtain a user's name, street address or phone number from its app users. For responses to each of the cited PSOF, *see infra* HTV's Responses to Plaintiff's Additional Facts ("PSOF") ¶¶ 4-6, 10-12, 26-29, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151; *see also* ECF No. 136 (2/14/25 Order Denying Class Certification) at 12 n.5 ("Both parties agree that HTV, Braze, and Google do not have the names of potential class members."). Because Plaintiff's cited evidence does not support its denial, DSOF ¶ 17 should be deemed admitted.

18. HTV's news and weather content is supported by digital advertising. Ex. B, Rosellini Dep. at 18:24-19:18 & errata; Ex. A, Rosellini Decl. ¶¶ 29, 55; *see also* Ex. B, Rosellini Dep. at 22:8-13 & errata.

**Plaintiff's Response: Admit**

## II. PLAINTIFF'S USE OF THE WMUR APP.

19. [redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's denial and evidence cited in support thereof do not refute the [redacted] nor does it support Plaintiff's counterstatement that Therrien [redacted] Therrien testified:

[redacted]

[redacted]

Ex. C, Therrien Dep. at 122:7-9. [redacted] *see also* ECF No. 136 (2/14/25 Order denying class certification) at 12 n.5 ("no time stamp is recorded with the 'video view' counter") (citing ECF No. 97, Ex. F ¶¶ 18, 28). It also does not support that Plaintiff provided his AAID. *Infra*, DSOF ¶ 221; Ex. A, Rosellini Decl. ¶ 51. Because Plaintiff's cited evidence does not support its denial, DSOF ¶ 27 should be deemed admitted.

28. Plaintiff is an insurance broker at a business he established in 2007 called Petra Insurance. Ex. C, Therrien Dep. at 21:8-15, 43:4-24.

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact; [redacted] The cited testimony does not support the denial/counterstatement [redacted]. Page 32, line 13-14 of Plaintiff's deposition does not relate to email. In any event, Plaintiff testified that [redacted] Ex. C, Therrien Dep. at 41:15-22. Plaintiff's denial and citation to evidence in support thereof does not contradict DSOF ¶ 46, nor are they relevant to Defendant's motion for summary judgment. DSOF ¶ 46 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]


BeenVerified.com

candsfamtrust@gmail.com

Generated on: 10/23/2024

[redacted]

<u>*Defendant's Reply*</u>: There is no genuine dispute of material fact; Plaintiff has now admitted that [redacted] *See Escribano-Reyes v. Prof. Hepa Certificate Corp.*, 817 F.3d 380, 386 (1st Cir. 2016) (affirming grant of summary judgment dismissing action, holding that district court did not err in disregarding plaintiff's sworn statement submitted in opposition to summary judgment motion where statement was inconsistent with plaintiff's deposition testimony); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994). [redacted] *ee also* Ex. C, Therrien Dep. at 99:12-22, 100:11-14; *see also* Ex. A, Rosellini Decl. ¶ 51(b); Ex. J, HTV 0000633 at Row 10862. As Plaintiff has not supported his denial with admissible evidence, DSOF ¶ 47 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit, but note that Therrien shared these videos with knowledge and consent, whereas here, Defendant** [redacted]

*Defendant's Reply*: [redacted] ccurately reflects counsel's question to Mr. Rosellini but does not create any genuine dispute of material fact precluding summary judgment because it is irrelevant to Plaintiff's claim. Plaintiff does not claim to have made any [redacted] and HTV did not move for summary judgment on the element of "consent" under the VPPA. As Plaintiff has not refuted the statement in DSOF ¶ 57, it should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection. The number of times the AAID may have been reset on the phone prior to the date Plaintiff purchased it is irrelevant, and leads to unfair prejudice, confusion of the issues, and is misleading the jury. *See* Fed. R. Evid. 402 & 403.** [redacted]

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] As Plaintiff has not refuted the statement in DSOF ¶ 59, it should be deemed admitted.

[redacted]

**Plaintiff's Response: Objection. The number of times the AAID may have been reset on the phone prior to the date Plaintiff purchased it is irrelevant, and leads to unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 402 & 403. The evidence in this case shows that** [redacted] **Defendant's expert acknowledged** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has not disputed the statement that, " [redacted] he referenced paragraph in Vint's declaration does not establish which or how many of [redacted] As Plaintiff has not refuted the statement in DSOF ¶ 60, it should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] laintiff's counterstatement is unsupported. Plaintiff's counsel represented to the court that they were first in contact with Therrien in February 2023. ECF No. 67 at 16; ECF No. 68 ¶ 18. Plaintiff testified only that [redacted]

[redacted]. Ex. C, Therrien Dep. at 29:10-24. As Plaintiff has not refuted the statement in DSOF ¶ 61 with admissible evidence, it should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no material dispute of fact, as Plaintiff has now admitted that "[redacted] Plaintiff's denial/counterstatement is unsupported. [redacted] s irrelevant and does not refute DSOF ¶ 62. It is also not supported. *See* DSOF ¶ 61. As Plaintiff has not refuted the statement in DSOF ¶ 62 with admissible evidence, it should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Deny. While the data shows only one set of [redacted] the data also shows that Plaintiff's location was disclosed [redacted] HTV_0000633 at Row 10862, Column I. This is apparent based on Plaintiff's testimony that [redacted] Therrien Dep. at 30:21-14 [redacted] Therefore, at least one point of geolocation was transmitted for [redacted] in the data.**

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff does not dispute that the HTV App data (defined *supra*, DSOF ¶ 64) [redacted] Plaintiff provides no evidence of any other location or coordinates *shown* in Ex. J, HTV 00063. Plaintiff's counterstatement that it is "apparent" that [redacted] is argument, nonresponsive to the statement, and unsupported by the cited evidence. [redacted] As Plaintiff has not refuted the statement in DSOF ¶ 78 with admissible evidence, it should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny. The transmission to Braze containing [redacted] contained [redacted] Kopel Decl. Ex. 93 ("Reardon Decl.") ¶¶ 34-36 [redacted] opel Decl. Ex. 11 ("Vint Dep.") at 63:16-64:5. Further, the data show [redacted] TV-0000633 at Row 10862, Column K.**

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff does not dispute that the HTV App data (defined *supra*, DSOF ¶ 64) does not *show* [redacted] *See also* ECF No. 136 (2/14/25 Order Denying Class certification) at 12 n.5 (describing HTV App data ("HTV spreadsheets")). The denial/counterstatement cannot create a genuine issue of material fact because it is unsupported and the cited evidence is without foundation and is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1, Fed R. Evid. 602, 802. There is no foundation for the statement [redacted] *See also infra* DSOF¶ 196 (Plaintiff admits that there is no [redacted] As Plaintiff has not supported his counterstatement with admissible evidence, and because it does not refute the statement in DSOF ¶ 80, DSOF ¶ 80 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: [redacted] As Plaintiff's counterstatement does not refute DSOF ¶ 82, DSOF ¶ 82 should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted] **Reardon Decl. ¶¶ 30-31, 34-36.**

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] laintiff submits no evidence that Exhibit J contains [redacted]. *See also infra* DSOF ¶¶ 195, 197, 198, 207, 208, 242-44, 248; PSOF ¶ 174. Because Plaintiff's denial/counterstatement is unsupported does not refute the statement in DSOF ¶ 83, DSOF ¶ 83 should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted] **Reardon Decl. ¶¶ 30-31; PSOF ¶¶ 13-17, 19, 22, 23-25, 32, 33.**

*Defendant's Reply*: [redacted] laintiff submits no evidence that Exhibit J contains [redacted] *See also infra* DSOF ¶¶ 195, 197, 198, 207, 208, 242-44, 248; PSOF ¶ 174. As Plaintiff's denial/counterstatement does not refute the statement in DSOF ¶ 84, DSOF ¶ 84 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: [redacted]

[redacted] As Plaintiff has cited no admissible evidence to support his denial of DSOF ¶ 85 and the cited evidence does not refute the statement in DSOF ¶ 85, DSOF ¶ 85 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

## III. HTV MOBILE APP CONTENT.

90. Articles on the Apps may contain live videos, videos that had previously aired on a news broadcast, other video content, or no videos at all. Ex. A, Rosellini Decl. ¶ 7; Ex. B, Rosellini Dep. at 10:4-11:4, 70:11-23; *see also* Ex. D, Reardon Dep. at 130:24-131:3.

**Plaintiff's Response: Objection. This testimony is inadmissible hearsay pursuant to Fed. R. Civ. P. 802. It also violates the "best evidence rule." Fed. R. Evid. 1002. Subject to**

**these objections, Plaintiff denies this statement, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 802 does not preclude the cited testimony. Fed. R. Civ. P. 56 explicitly permits affidavits based on personal knowledge submitted in support of summary judgment, and Fed. R. Evid. 802 and its Advisory Cmte. notes provide that Fed. R. Civ. P. 56 affidavits are excepted from Fed. R. Evid. 802's general bar on hearsay. *See also* 28 U.S.C. § 1746. Nor does Fed. R. Evid. 1002 preclude the cited testimony, which is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge and describes features of articles and functionality of HTV's content management system ("CMS") in general as they exist across HTV's apps. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 7, 35. As there is no valid evidentiary objection pertaining to DSOF ¶ 90, and Plaintiff has cited no admissible evidence to support its denial (*see* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1), DSOF ¶ 90 should be deemed admitted.

91. The subject matter of videos included in articles may directly relate to the content of the article or it may not. Ex. B, Rosellini Dep. at 70:11-71:24; Ex. A, Rosellini Decl. ¶ 52.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Plaintiff also objects to the admissibility of Butler Decl. Ex. A ("Rosellini Decl.") ¶ 52 because it contradicts Mr. Rosellini's prior deposition testimony.** [redacted] **Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the relationship of article and video subject matters generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge and describes features of video(s) contained in articles in general and of the content and functionality of HTV's content management system ("CMS") as they exist across HTV's apps. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978). *See also* Ex. A, Rosellini Decl. ¶¶ 4, 7, 35. Nor does Fed. R. Evid. 1002 preclude reference to Rosellini Decl. ¶ 52, which links to the public article that is being described by Mr. Rosellini as an example of his general observation in Decl. ¶ 7; the article would be admissible if needed at trial, and Plaintiff has had full opportunity to point out any error in Rossellini's description of the article and video versus the actual article and videos in the link, and has identified none.
>
> Moreover, there is no "contradiction" between Rossellini Decl. ¶ 52 and the cited deposition testimony; the two are in perfect accord. Rossellini Decl. ¶ 52 reads:
>
> [redacted]

[redacted]

The deposition testimony reads as follows:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. B, Rosellini Dep. at 70:11-71:24. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 91 should be deemed admitted.

92. HTV articles are published at unique URLs. A URL is the equivalent of an address

or location on the Internet. Ex. B, Rosellini Dep. at 90:16-17; Ex. A, Rosellini Decl. ¶ 36.

**Plaintiff's Response: Admit**

93. HTV articles may be updated one or more times after their initial publication. Ex. A, Rosellini Decl. ¶¶ 33, 34.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence reflecting updates to any article on the apps. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes whether articles across HTV's apps may be updated after their initial publication articles in general as they exist across HTV's apps. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 7, 33-35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support its denial (*see* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1), DSOF ¶ 93 should be deemed admitted.

94. An article is considered "updated" if the content changes in some way. This can include adding, removing, or replacing video. Ex. A, Rosellini Decl. ¶ 33.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence reflecting updates to any article on the Apps. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes how HTV may "update" articles after their initial publication. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 7, 33, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support its denial (*see* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1), DSOF ¶ 94 should be deemed admitted.

95. Articles related to major weather events (storms, power outages) or breaking news

(current law enforcement matters) are often updated one or more times. Ex. A, Rosellini Decl. ¶ 33.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence reflecting updates to any article on the Apps. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes whether articles across HTV's apps may be updated after their initial publication. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 33, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, it should be deemed admitted.

96. An article could contain live video content at the time it is first published, but later include no video, or a replay of some, or all, of the earlier live video. Ex. A, Rosellini Decl. ¶ 33.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence of any article purporting to portray live video on the Apps. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

> *Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes whether articles might include live videos, or whether the videos within an article might be changed or updated. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 33, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, it should be deemed admitted.

97. Users accessing an article at one point in time may see a live video (or videos), and users accessing an article at a later point in time may see no video, a different live video, only replayed video, or some combination of live and replayed videos. Ex. A, Rosellini Decl. ¶ 33.

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence of any article purporting to portray live video on the Apps. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

<u>*Defendant's Reply*</u>: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes whether articles might include live videos, or whether the videos within an article might be changed or updated. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 33, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 97 should be deemed admitted.

98. Only the then-current version of an article is available to be viewed in the App at any given time. Ex. A, Rosellini Decl. ¶ 34.

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence of [redacted] Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

<u>*Defendant's Reply*</u>: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes when the publication date might be changed on an updated article. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 33, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 99 should be deemed admitted.

[redacted]

[redacted]

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence of [redacted] Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

*Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes HTV's practice concerning provided publication dates and editing history. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 34, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 100 should be deemed admitted.

[redacted]

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002. Defendant has not produced documentary evidence of [redacted] This is also an impermissibly vague hypothetical— [redacted] Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

*Defendant's Reply*: Fed. R. Evid. 1002 does not preclude the cited Rossellini testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes HTV's practice concerning when articles disclose whether they have been updated after initial publication. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 34, 35. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 101 should be deemed admitted.

[redacted]

[redacted]

**Plaintiff's Response: Objection. This testimony violates the "best evidence rule." Fed. R. Evid. 1002.** [redacted]

_Defendant's Reply_: Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV articles generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge (including functionality of HTV's content management system ("CMS")) and describes HTV's practice concerning when articles have been updated with new or different content after initial publication, and when an article states that it has been updated. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978); Ex. A, Rosellini Decl. ¶¶ 4, 34, 35. Nor does Fed. R. Evid. 701 preclude the statement in Rossellini Decl. ¶ 34: Rossellini's personal knowledge, based on his own perceptions, concerning [redacted] *see supra*, DSOF ¶¶ 95-98, and [redacted] *see supra*, DSOF ¶¶ 100-101, allows him to conclude that a person [redacted] Ex. A, Rosellini Decl. ¶ 34. Plaintiff's objections regarding [redacted] are irrelevant to this DSOF, which concerns what information can be gleaned "[redacted]," not whether a [redacted] As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support denial of this DSOF, DSOF ¶ 102 should be deemed admitted.

## IV. HOW CONTENT IS PUBLISHED ON THE HTV APPS.

103. Computer code (aka "source code" or "code base") controls how the HTV Apps function, including how and where editorial content appears. Ex. A, Rosellini Decl. ¶ 36; Ex. B, Rosellini Dep. at 62:12-18.

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

106. [redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff's citation to evidence that [redacted] does not refute that [redacted]. *See* Ex. A, Rosellini Decl. ¶ 35 [redacted] HTV disputes Plaintiff's counterstatement and denial because it is unreliable, without foundation and is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed. R. Evid. 602, 702, 802. Reardon testified that [redacted] Ex. D, Reardon Dep. at 281:14-23. Reardon testified that [redacted] Ex. D, Reardon Dep. at 199:16-200:11, 204:21-208:25. As Plaintiff has not cited to admissible evidence supporting its denial, DSOF ¶ 106 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

108. Each published article corresponds to a unique URL. Ex. B, Rosellini Dep. at 81:5-

7; Ex. A, Rosellini Decl. ¶ 36.

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's statement, *infra*, PSOF ¶ 32, that [redacted] *See also* DSOF ¶ 102 and *infra* PSOF ¶ 32. For the reasons stated *infra*, PSOF ¶ 32, Plaintiff's denial and counterstatement also are not supported by admissible evidence; it is hearsay, without foundation and is speculation. *See* Fed R. Civ. P. 56(c), Local Civ. R. 56.1. As Plaintiff has not cited to admissible evidence supporting its denial, DSOF ¶ 113 should be deemed admitted.

[redacted]

**Plaintiff's Response: Objection. Defendant failed to lay foundation that [redacted] Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection as to lack of foundation is unfounded, as Rosellini's Declaration ¶ 33 establishes the "foundation" that [redacted] *ee also* Ex. A, Rosellini Decl. ¶ 36 (referencing *id*. ¶¶ 33 & 34). The "foundation" is also established *supra* in DSOF ¶¶ 93-97, and because Plaintiff failed to cite to any contrary evidence in response to those DSOFs, they should be deemed to be admitted. As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support its denial, DSOF ¶ 114 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection. Defendant failed to lay foundation that [redacted] This testimony also violates the "best evidence rule" in Fed. R. Evid. 1002. Subject to these objections, Plaintiff denies, as there is no admissible basis for this testimony.**

<u>*Defendant's Reply*</u>: There is no genuine dispute of material fact. Plaintiff's objection as to lack of foundation is unfounded, as Rosellini's Declaration ¶ 33 establishes the "foundation" that [redacted] *See also* Ex. A, Rosellini Decl. ¶ 36 (referencing Rosellini Decl. ¶¶ 33 & 34). The "foundation" is also established *supra* in DSOF ¶¶ 93-97, and because Plaintiff failed to cite to any contrary evidence in response to those DSOFs, they should be deemed to be admitted. Further, Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV videos generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge and describes HTV's practice concerning replacing videos. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978). As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support its denial, DSOF ¶ 120 should be deemed admitted.

[redacted]

**Plaintiff's Response: Objection. Defendant fails to lay foundation that [redacted] This testimony also violates the "best evidence rule." Fed. R. Evid. 1002. Subject to these objections, Plaintiff denies, as there is no admissible basis for**

**this testimony.**

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection as to lack of foundation is unfounded, as Rosellini's Declaration ¶ 33 establishes the "foundation" that [redacted] *See also* Ex. A, Rosellini Decl. ¶¶ 36 & 38. The "foundation" is also established *supra* in DSOF ¶ 120, and because Plaintiff failed to cite to any contrary evidence in response to that DSOF, it should be deemed to be admitted. Further, Fed. R. Evid. 1002 does not preclude the cited Rossellini deposition testimony about the HTV videos generally: the testimony is not "documentary evidence" and does not purport to prove the "contents" of any particular document; rather, the testimony is based on Mr. Rosellini's personal knowledge and describes HTV's practice concerning replacing or updating videos. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2015 WL 10433713, at *3 n.20 (C.D. Cal. Nov. 24, 2015); *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del. 1978). As there is no valid evidentiary objection pertaining to this DSOF, and Plaintiff has cited no admissible evidence to support its denial, DSOF ¶ 121 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

## V. USER ACCESS TO THE HTV APPS.

125. To access news and weather content on a station's mobile App, a potential user would need to visit the applicable "app store" on their device and select the HTV App they want to download. Ex. A, Rosellini Decl. ¶ 40; Ex. C, Therrien Dep. at 113:17-19; Ex. E, Saunders Dep. at 82:16-83:16.

**Plaintiff's Response: Admit**

126. In the app stores, HTV provides public facing disclosures concerning data that the Apps collect and share that are available for potential App users to read before they download an HTV App, including summaries of HTV's Privacy Notice and data sharing practices. Ex. B, Rosellini Dep. at 148:9-21; Ex. A, Rosellini Decl. ¶ 40; Ex. K, HTV Privacy Notice at HTV-0000119-128; *see also* Ex. C, Therrien Dep. at 113:24-114:3, 130:9-131:1; Ex. E, Saunders Dep. at 82:16-83:16.

**Plaintiff's Response: Admit**

127. The app stores and the Apps themselves include links to HTV's applicable Privacy Notice. Ex. A, Rosellini Decl. ¶ 40; Ex. B, Rosellini Dep. at 148:9-21; *see also* Ex. C, Therrien Dep. at 113:24-114:3, 130:9-131:1; Ex. E, Saunders Dep. at 82:16-83:16, 122:1-9; Ex. K, HTV Privacy Notice at HTV-0000119-128.

**Plaintiff's Response: Admit**

128. Once the user downloads the HTV App to their device, they are prompted through a series of options to customize their use of the App. Ex. A, Rosellini Decl. ¶ 10.

**Plaintiff's Response: Admit**

129. Users have the option to request an array of "push" news and/or weather alerts and/or notifications. Ex. A, Rosellini Decl. ¶ 10; Ex. B, Rosellini Dep. at 211:25-212:6; Ex. C, Therrien Dep. at 112:2-113:16.

**Plaintiff's Response: Admit**

130. If users request to receive "push" notifications, users have the option to enable location services. Ex. A, Rosellini Decl. ¶¶ 10, 45; Ex. B, Rosellini Dep. at 52:12-20; Ex. C, Therrien Dep. at 112:2-113:16, 114:18-115:17; Ex. D, Reardon Dep. at 94:5-16, 95:1-8.

**Plaintiff's Response: Admit**

131. If a user chooses to share geolocation at all, users can choose how and when they share geolocation: once, always, or only when using the App. Ex. A, Rosellini Decl. ¶ 10; *see also* Ex. C, Therrien Dep. at 112:2-113:16, 114:18-115:17.

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

133. Separate from HTV App installation, certain Android and Apple devices or operating systems have settings that permit users to disable or enable the sharing of geolocation. Ex. A, Rosellini Decl. ¶ 11; Ex. D, Reardon Dep. at 91:12-24, 92:16-93:15; 106:2-8.

**Plaintiff's Response: Admit**

134. Users may disable alerts, notifications, and location sharing at any time. Ex. A, Rosellini Decl. ¶ 10.

**Plaintiff's Response: Admit**

135. At App installation, there also is an option for the user to provide an email address to sign up to receive emails. Ex. A, Rosellini Decl. ¶ 10; *see also* Ex. B, Rosellini Dep. at 110:12-20, 115:23-116:22; Ex. C, Therrien Dep. at 112:2-113:16; Ex. D, Reardon Dep. at 97:2-13.

**Plaintiff's Response: Admit**

136. Users may unsubscribe from emails at any time. Ex. A, Rosellini Decl. ¶ 10.

**Plaintiff's Response: Admit**

137. A "mobile advertising ID" (known as "AAID") is a string of numbers and letters used in connection with displaying advertisements on a mobile device. Ex. A, Rosellini Decl. ¶ 12; Ex. B, Rosellini Dep. at 37:18-38:17, 73:8-74:8 & errata; Ex. H, Vint Decl. ¶¶ 9, 22, 29.

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted that [redacted] Plaintiff's additional statement is not supported with admissible evidence because it is irrelevant, *see* Fed. R. Evid. 402, as there is no evidence in the record that Plaintiff used any device other than an Android device. *See supra*, DSOF ¶¶ 21, 23. (Plaintiff also did not seek to represent a subclass of users of iOS devices based on an IDFA. *See, e.g.*, ECF No. 84 at p. 1.) As Plaintiff has admitted the statement in this DSOF and has not supported his additional counterstatement with admissible evidence, DSOF ¶ 137 should be deemed admitted.

138. In order for HTV to use a device's AAID, users must give HTV permission to do so. Ex. A, Rosellini Decl. ¶ 12; Ex. B, Rosellini Dep. at 73:8-74:8 & errata; [redacted]; *see also* Ex. H, Vint Decl. ¶¶ 9-11.

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted that "In order for HTV to use a device's AAID, users must give HTV permission to do so." Plaintiff's further counterstatement is not supported by the cited or admissible evidence and is hearsay, without foundation, and is irrelevant. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed. R. Evid. 402; Fed R. Evid. 602; Fed. R. Evid 802. Reardon's declaration and deposition testimony are limited [redacted] *see* Kopel Decl. Ex. 93 (Reardon Decl.) ¶ 50; Ex. D, Reardon Dep. at

87:16-88:8. [redacted]. Ex. V, Vint Decl. ¶¶ 21, 25-27. And there is no evidence of [redacted] *See supra*, DSOF ¶¶ 58-62 (citing [redacted] As Plaintiff admitted the statement in this DSOF and because he has not supported his counterstatement with admissible evidence, DSOF ¶ 138 should be deemed admitted.

139. These permissions may be enabled or disabled at any time. Ex. D, Reardon Dep. at 39:10-20, 50:4-52:18; Ex. A, Rosellini Decl. ¶ 12; Ex. B, Rosellini Dep. at 73:8-74:8 & errata; Ex. H, Vint Decl. ¶¶ 9-14, 21-29.

**Plaintiff's Response: Admit**

140. Users may reset or permanently delete an AAID, or "opt out" of having App developers use an AAID altogether. Ex. D, Reardon Dep. at 39:10-20, 50:4-52:18; Ex. F, Vallina-Rodriguez Dep. at 318:18-319:4; Ex. H, Vint Decl. ¶¶ 9-11, 14; Ex. B, Rosellini Dep. at 74:19-76:14.

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted]" Plaintiff's denial and further counterstatement is not supported by the cited evidence and is without foundation as to [redacted]. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed R. Evid. 602. There is no record of [redacted]. As Plaintiff's further denial (and evidence cited in support thereof) does not refute it, DSOF ¶ 141 should be deemed admitted.

142. HTV uses AAIDs consistent with the permission a user sets; HTV does not use an AAID without permission. Ex. A, Rosellini Decl. ¶ 12; *see also* Ex. D, Reardon Dep. at 49:10-

50:9, 106:9-16; Ex. H, Vint Decl.¶¶ 9-19.

**Plaintiff's Response: Admit**

143. An AAID is unique to a device. Ex. D, Reardon Dep. at 38:18-40:10; Ex. F, Vallina-Rodriguez Dep. at 316:17-317:6, 317:23-318:17; Ex. A, Rosellini Decl. ¶ 12; Ex. B, Rosellini Dep. at 73:24-74:8; Ex. H, Vint. Decl. ¶ 9.

**Plaintiff's Response: Admit**

144. An AAID is not associated with a person's name or address. Ex. D, Reardon Dep. at 38:18-40:10; Ex. F, Vallina-Rodriguez Dep. at 316:17-317:6, 317:23-318:17; Ex. A, Rosellini Decl. ¶ 12; Ex. B, Rosellini Dep. at 73:24-74:16; Ex. H, Vint Decl. ¶ 9.

**Plaintiff's Response: Deny. Name and address can be readily inferred from AAID. *See* V.R. Rep. ¶ 96 ("The large variety of data brokers and identity management solutions available in the market make the deanonymization of AAIDs and emails trivial, even facilitating the automatic bridging of geolocation information with one's name, home and work addresses, and other sensitive personal data and attributes using very basic data analysis techniques.").**

> *Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's denial and counterstatement, to the extent it is a statement of fact, are not supported by the cited evidence, and the cited evidence cannot create a material issue of fact because it is without foundation, is inadmissible hearsay, and not relevant. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed. R. Evid. 402, 602, 802. Plaintiff's sole citation to evidence only reenforces the veracity DSOF ¶ 144 as written: The report of Vallina-Rodriguez (referred to in Plaintiff's Response as "V.R. Rep." (attached as Exhibit 71 to the Kopel Declaration)) at ¶ 96 posits that [redacted] Vallina-Rodriguez's deposition testimony confirms the same. *See* Ex. F, Vallina-Rodriguez Dep. at 316:17-317:6, 317:23-318:17 [redacted]). The statement is without foundation and irrelevant to Plaintiff's claim because Vallina-Rodriguez [redacted]. As Plaintiff does not cite to evidence to materially dispute DSOF ¶ 144, and because the cited evidence is inadmissible, DSOF ¶ 144 should be deemed admitted.

145. Video autoplay is a setting available to App users. Ex. B, Rosellini Dep. at 51:10-16, 69:13-70:10; *see also* Ex. A, Rosellini Decl. ¶¶ 50, 51, 53.

**Plaintiff's Response: Admit**

146. Users may disable or enable video autoplay at any time. Ex. A, Rosellini Decl. ¶ 53; Ex. B, Rosellini Dep. at 138:14-139:16.

**Plaintiff's Response: Admit**

147. If autoplay is enabled, when a user opens an article with a video or multiple videos, as those videos are scrolled into view, the videos will start playing automatically if the device is connected to WiFi. Ex. B, Rosellini Dep. at 69:13-70:10.

**Plaintiff's Response: Admit**

148. Even if autoplay is enabled, if the device is using a cellular connection, *i.e.*, not connected to WiFi, videos in an article require the user to tap to play them. Ex. B, Rosellini Dep. at 69:13-70:10.

**Plaintiff's Response: Admit**

149. When autoplay is enabled and the device is connected to WiFi, if an article includes a single video, additional videos continue to play after the initial video plays in an article if the user does not navigate away from the article. Ex. A, Rosellini Decl. ¶ 53; *see also* Ex. B, Rosellini Dep. at 51:10-16, 69:13-70:10.

**Plaintiff's Response: Admit**

150. The subject matter of any additional videos in an autoplay sequence can change depending on when a particular article is accessed, and could be on a different topic than the first video. Ex. A, Rosellini Decl. ¶ 53.

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

## VI. HTV'S USE OF BRAZE.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection to the words "[redacted]" does not materially refute the statement and Plaintiff has not supported his denial with admissible evidence under Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1. DSOF ¶ 153 should be deemed admitted.

153a. [redacted]

**Plaintiff's Response: Admit, but note that** [redacted]

*Defendant's Reply*: There is no material dispute, as Plaintiff has now admitted that "[redacted] For HTV's responses to the cited PSOFs, *see infra*, [redacted] Plaintiff has cited no evidence that [redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 167:10-168:18 [redacted] DSOF ¶ 153 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit, but note that** [redacted]

*Defendant's Reply*: There is no material dispute, as Plaintiff has now admitted that "[redacted] For HTV's responses to the cited PSOFs, see *infra*, [redacted]. Plaintiff has cited no evidence that [redacted]. *See, e.g.*, Ex. B, Rosellini Dep. at 167:10-168:18 [redacted]; *see also infra*, PSOF ¶¶ 30-31, 37-38, 43, 50-51. DSOF ¶ 154 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit, but note that** [redacted]

*Defendant's Reply*: There is no material dispute, as Plaintiff has now admitted [redacted] Plaintiff's counterstatement/note is not supported by the cited testimony, which does not address recommendations for "content" (*see* Ex. B, Rosellini Dep. at 100:14-24, [redacted] further, there is no evidence in the record that Braze [redacted] made to (or received by) Plaintiff (or any HTV App user). Plaintiff's counterstatement/note is not relevant to Defendant's motion for

summary judgment and does not refute the statement. *See* Fed. R. Civ. P. 56(c); Fed. R. Evid. 402; Local Civ. R. 56.1. DSOF ¶ 155 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's denial is unsupported by the cited evidence. Plaintiff's citation to the Rosellini Deposition does not refute DSOF ¶ 156 as written; [redacted] Plaintiff's other citations to HTV-Braze contractual provisions, and to Rosellini deposition testimony regarding HTV-Braze contractual provisions, do not materially refute that "[redacted] Further, there is no evidence in the record that Braze [redacted] made to (or received by) Plaintiff (or any HTV App user). *See also, e.g.*, Ex. B, Rosellini Dep. at 100:14-24 ([redacted]). In any event, the statement does not create any genuine issue of material fact because it is undisputed that [redacted] Because Plaintiff has not cited to evidence to support its denial of DSOF ¶ 156, DSOF ¶ 156 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit, but note that** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted] Plaintiff's counterstatement/note is not relevant to Defendant's motion for summary judgment and is not supported by the cited testimony, which does not address [redacted] (*see* Ex. B, Rosellini Dep. at 100:14-24, noting [redacted]; further, there is no evidence in the record that Braze [redacted] made to (or received by) Plaintiff (or any HTV App user). DSOF ¶ 157 should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted] Plaintiff's additional citations to HTV-Braze contractual provisions do not materially refute DSOF ¶ 158, nor is Plaintiff's counterstatement/note relevant to Defendant's motion for summary judgment; there is no evidence of subcontractors, consultancy services or accessing or compiling information by Braze, or with respect to Plaintiff (or any HTV App user). *See* Fed. R. Evid. 402. DSOF ¶ 158 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's citations to HTV-Braze contractual provisions, and to Rosellini deposition testimony regarding HTV-Braze contractual provisions, do not materially refute that "[redacted] HTV refers to the Braze MSA for its complete and accurate contents. For example, the cited provision with respect to [redacted] Ex. I, Braze MSA at HTV-000237 (§ 6.3). Moreover, there is no evidence in the record (cited by Plaintiff or otherwise) that Braze took any of the actions indicated in Plaintiff's counterstatement with respect to Plaintiff's HTV App usage data specifically, or that of any HTV App user. In any event, the statement does not create any genuine issue of material fact because it is undisputed that [redacted] Because Plaintiff's cited evidence does not refute DSOF ¶ 161, and because Plaintiff has not supported the denial and the counterstatements with relevant, admissible evidence, DSOF ¶ 161 should be deemed admitted.

[redacted]

**Plaintiff's Response: Objection. This statement is too vague as to the word "[redacted] to understand its meaning. Subject to and without waiving this objection, Plaintiff denies.** [redacted]

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection to the word "responsible" in DSOF ¶ 162 is without merit: DSOF ¶ 162 cites to [redacted] which uses the exact same phrasing as the DSOF [redacted] (emphasis added). Plaintiff's citation to other HTV-Braze contractual provisions, and to Rosellini deposition testimony regarding HTV-Braze contractual provisions, do not materially refute that "[redacted]" and thus DSOF ¶ 162 should be deemed admitted. Moreover, there is no evidence in the record (cited by Plaintiff or otherwise) that Braze took any of the actions indicated in Plaintiff's counterstatement with respect to Plaintiff's HTV App usage data specifically, or with respect to any HTV App user. In any event, the statement does not create any genuine issue of material fact because it is undisputed that [redacted] Because Plaintiff's cited evidence does not refute DSOF ¶ 162, and because Plaintiff has not supported the denial and the counterstatements with admissible evidence, DSOF ¶ 162 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit, but note that** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted]" Plaintiff's counterstatement/note is nonsensical with reference to a contract to which Braze is a party and is not supported with admissible evidence as required by Fed. R. Civ. P. 56 or Local Civ. R. 56.1.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted].” Plaintiff's counterstatement/note, and its citation in support to other contractual provisions, is not supported by the cited evidence, and are not relevant to Defendant's motion for summary judgment. The applicable provision provides that [redacted] Ex. I, Braze MSA at HTV-000237 (§ 6.3). In any event, there is no evidence in the record (cited by Plaintiff or otherwise) that Braze took any action indicated in

Plaintiff's counterstatement with respect to Plaintiff's HTV App usage data or that of Plaintiff specifically. DSOF ¶ 170 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

172. [INTENTIONALLY OMITTED]

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff has not cited specific evidence to support his denial that [redacted] as required by Local Civil R. 56.1, and thus DSOF ¶ 173 should be deemed admitted. Moreover, none of the admissible evidence cited in Plaintiff's response to DSOF ¶ 173 state that Braze [redacted]. *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145; ECF No. 136 at 12 n.5 ("Both parties agree that HTV, Braze, and Google do not have the names of potential class members.").

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted]" For HTV's responses to the cited PSOFs, *see infra*, PSOF ¶¶ 30-31, 43, 50, 53. Plaintiff has cited no evidence that [redacted]. *See, e.g.*, Ex. B, Rosellini Dep. at 167:10—168:18 [redacted] As Plaintiff has admitted the statement and the counterstatement does not refute it, DSOF ¶ 174 should be deemed admitted.

[redacted]

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] For HTV's responses to the cited PSOFs, see *infra*, PSOF ¶¶ 30-31, 43, 50, 53. Plaintiff has cited no evidence that [redacted]. *See, e.g.*, Ex. B, Rosellini Dep. at 167:10-168:18 ([redacted]. As Plaintiff has admitted the statement and the counterstatement does not refute it, DSOF ¶ 175 should be deemed admitted.

A. App Installation.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection. This statement is too vague to completely understand.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact; Plaintiff has now admitted that [redacted] As Plaintiff has admitted the statement, DSOF ¶ 178 should be

deemed admitte [redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny. The two email addresses, [redacted] are clearly typos.**

*Defendant's Reply*: Plaintiff has not supported his denial with admissible evidence; rather, the denial is based on counsel's conclusion about the nature of the data and does not refute Mr. Rosellini's testimony. Nor would the fact that a domain is unrecognizable because it is a typo create a genuine dispute of material fact: one way in which a domain can become unrecognizable is if there is typographical error in entry. Because Plaintiff has not cited to admissible evidence to support its denial of DSOF ¶ 189, the statement should be deemed admitted.

B. Geolocation.

190. [redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has admitted that "[redacted] Plaintiff's note is not a statement of fact to which a response is required. To the extent it states a fact, it is not supported by the cited evidence, and the cited evidence is without foundation, inadmissible hearsay and not relevant to Plaintiff's claim. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed. R. Evid. 402, 602, 802. *See also* Ex. A, Rosellini Decl. ¶ 46. The cited evidence does not establish [redacted] For HTV's responses to the cited PSOFs, *see infra*, PSOF ¶¶ 30-31, 43, 50, 53. Plaintiff has cited no evidence that [redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 167:10-168:18 [redacted] As Plaintiff has admitted DSOF ¶ 191, and not supported the additional counterstatement with admissible evidence, DSOF ¶ 191 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

195. [redacted]

**Plaintiff's Response** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] *See also supra*, DSOF ¶ 178 & Reply thereto.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection pursuant to Fed. R. Evid. 602. It is unclear what the basis for Mr. Rosellini's knowledge is or whether this is referencing a** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection pursuant to Fed. R. Evid. 602 is improper, as DSOF ¶ 198 cites to Mr. Rosellini's Declaration, which itself is based on personal knowledge specific to the information maintained by Braze *on HTV's behalf*. *See* Ex. A, Rosellini Decl. ¶¶ 4, 54; *see also* DSOF ¶ 167 ([redacted]). Plaintiff's denial and counterstatement are also unsupported by the cited evidence, and are without foundation, inadmissible hearsay and irrelevant to Plaintiff's claim. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1; Fed. R. Evid. 402, 602, 802.

That Braze was [redacted]. Plaintiff has not supplied any counter-testimony from Braze or any declaration from Braze purporting to lay a foundation for [redacted]. Finally, Plaintiff's counterstatement and citations in support thereof are not relevant to Defendant's motion for summary judgment, which concerns Plaintiff Therrien (and not former-Plaintiff Saunders). Plaintiff has not identified any HTV App usage by Plaintiff Saunders in the HTV App data.

[redacted]

**Plaintiff's Response: This is not a material fact to this litigation** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection as to relevancy is improper and unfounded, as Plaintiff concedes the relevance of what data is stored by Braze by relying himself on [redacted] *see infra*, PSOF ¶¶ 8, 12, 14-16, 19, 21, 35, 48, 49, 92. DSOF ¶ 199 is also relevant because it shows the dearth of evidence that Braze could deanonymize HTV App users; and establishes the lack of foundation for certain of Reardon's opinions. *See also* Ex. D, Reardon Dep. at 150:22-151:3, 151:17-152:17, 166:24-167:2; 194:4-11. Plaintiff's denial of DSOF ¶ 199 is also improper as it fails to cite to evidence that can refute the statement—Reardon testified:

[redacted]

[redacted]

Ex. D, Reardon Dep. at 151:11-16; *see also id*. at 166:24-167:2. Because Plaintiff has failed to substantiate his objection, and because his denial is unsupported by admissible evidence, DSOF ¶ 199 should be deemed admitted.

200. [INTENTIONALLY OMITTED]

201. [redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Objection pursuant to Fed. R. Evid. 602. It is unclear what the basis for Mr. Rosellini's knowledge is or whether this is referencing a** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objection pursuant to Fed. R. Evid. 602 is improper, as DSOF ¶ 203 cites to Mr. Rosellini's Declaration, which itself is based on personal knowledge specific to [redacted] *See* Ex. A, Rosellini Decl. ¶¶ 4, 28, 44. Plaintiff's failure to ask Mr. Rosellini questions on this topic at his deposition does not permit them to now claim a lack of basis of knowledge. *See infra* PSOF ¶ 174. The evidence cited does not refute DSOF ¶ 203. That the Braze production [redacted] Plaintiff has not supplied any testimony from Braze purporting to lay a foundation for how the data were extracted from HTV's data at Braze. Finally, Plaintiff's counterstatement and citations in support thereof are not relevant to Defendant's motion for summary judgment, which concerns Plaintiff Therrien (and not former Plaintiff Saunders). As Plaintiff has not substantiated his objection or supported his denial with admissible evidence, DSOF ¶ 203 should be deemed admitted.

C. COID

203a. [redacted]

**Plaintiff's Response:** [redacted]

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted] *ee also infra* PSOF ¶ 46. Plaintiff's counterstatement/note is not relevant to Defendant's motion for summary judgment and is not supported by the cited testimony, which does not address [redacted] (*see* Ex. B, Rosellini Dep. at 100:14-24, noting [redacted] further, there is no evidence in the record that that Braze [redacted] made to (or received by) Plaintiff (or any HTV App user). *See also* DSOF ¶¶ 55, 157. DSOF ¶ 203a should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted "[redacted]" Plaintiff's counterstatement/note is not relevant to Defendant's motion for summary judgment and is not supported by the cited testimony, which does not address [redacted] (*see* Ex. B, Rosellini Dep. at 100:14-24, noting [redacted]); further, there is no evidence in the record that that Braze [redacted] made to (or received by) Plaintiff (or any HTV App user). *See also* DSOF ¶¶ 55, 157. DSOF ¶ 204 should be deemed admitted.

204a. [redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff has not supported his counterstatement with admissible evidence pursuant to Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1, *see infra* PSOF ¶¶ 16, 17. Reardon admitted [redacted]. Ex. D, Reardon Dep. at 150:22-152:17, 166:24-167:2; 194:4-11. Plaintiff's denial also contradicts his admission of DSOF ¶ 204 *supra*. As Plaintiff has not supported his

denial/counterstatement with admissible evidence, DSOF ¶ 204a should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

209. [redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: No material dispute of fact, as Plaintiff has now admitted "[redacted] Plaintiff's counterstatement/note is not supported by any admissible evidence as required by Fed. R. Civ. P 56 (c) & Local Civ. R. 56.1, and thus should be disregarded. DSOF ¶ 210 should be deemed admitted.

D. Video Count.

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

212a. [redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff has not supported his counterstatement with admissible evidence pursuant to Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1, *see infra* PSOF ¶¶ 16, 17. Reardon and Plaintiff [redacted]. *See supra*, DSOF ¶¶ 105, 110-112; Ex. D, Reardon Dep. at 179:6-10, 180:25-182:4. The statements in PSOF ¶¶ 16, 17 do not refute the statement in DSOF ¶ 212a or the evidence cited; *e.g.,* Rosellini testified that [redacted]. Ex. A, Rosellini Decl. ¶ 49. As Plaintiff has not supported his denial/counterstatement with admissible evidence and the statements do not refute DSOF ¶ 212a, DSOF ¶ 212a should be admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff has not supported his counterstatement with admissible evidence pursuant to Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1. For HTV's responses to the cited PSOFs, *see infra* PSOF ¶¶ 16, 17. Reardon also admitted [redacted]. Ex. D, Reardon Dep. at 150:22-152:17, 166:24-167:2; 194:4-11. PSOF ¶¶ 16, 17 also do not refute the statement that, "[redacted] *See also* ECF No. 136 at 12 n.5. HTV does not dispute that [redacted] Ex. A, Rosellini Decl. ¶¶ 25, 47, 49. HTV also does not dispute that [redacted]. As Plaintiff has not supported his denial/counterstatement with admissible evidence, and because the counterstatements do not refute DSOF ¶ 216, DSOF ¶ 216 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's objections are improper and unsupported. Rosellini's declaration states, based on his personal knowledge, that [redacted] *see*

Ex. A, Rosellini Decl. ¶¶ 4, 27, and thus Plaintiff's Fed. R. Evid. 602 objection is improper as applied to Rosellini's personal knowledge of HTV's records practices, as well as to Rosellini's personal knowledge of Braze's practices with respect to HTV data that Braze maintains on HTV's behalf. *See also* Ex. A, Rosellini Decl. ¶¶ 4, 14, 20, 42. Plaintiff had full opportunity to question Mr. Rosellini about these subjects during Mr. Rosellini's deposition. *See* ECF No. 68 at Ex. 4 (Plaintiff's Notice of 30(b)(6) Deposition of HTV) (*e.g*., topics 17, 18 & 22). As to Braze's records practices outside of its provision of services to HTV, or Braze's records practices outside of Mr. Rosellini's knowledge, Plaintiff had opportunity to propound third party discovery on Braze and did so on July 12, 2024. ECF No. 76 at 4. Plaintiff's denial also contradicts Plaintiff's admissions. *See supra*, DSOF ¶¶ 105, 110-112, 207-209, 217. Because Plaintiff has failed to cite to any contrary evidence as a basis to deny DSOF ¶ 218, it should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

E. <u>AAID</u>

[redacted]

**Plaintiff's Response: Admit**

## VII. HTV'S USE OF GOOGLE AD MANAGER (GAM).

[redacted]

**Plaintiff's Response: Admit**

222a. [redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

227. [INTENTIONALLY OMITTED]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff does not cite to any evidence to refute DSOF ¶ 230 (particularly as DSOF ¶ 230 is qualified [redacted] Plaintiff has not carried its burden pursuant to Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1 *See also infra*, PSOF ¶¶ 26-29, 62, 70-74, 77-79, 90, 93, 102-103, 145, 150-151 [redacted]. Moreover, there is no evidence in the record to establish [redacted] *See* Ex. D, Reardon Dep. at 150:1-21. As Plaintiff has not supported his denial with admissible evidence, DSOF ¶ 230 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff does not cite to any evidence to refute DSOF ¶ 231 (particularly as DSOF ¶ 231 is qualified [redacted] Plaintiff has not

carried its burden pursuant to Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1. *See also infra*, PSOF ¶¶ 26-29, 62, 70-74, 77-79, 90, 93, 102-103, 145, 150-151 [redacted]. Moreover, there is no evidence in the record to establish [redacted] As Plaintiff has not supported his denial with admissible evidence, DSOF ¶ 231 should be deemed admitted

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] As to Plaintiff's counterstatement/note, Plaintiff offers a conclusion but not a statement of contrary facts, *see infra*, PSOF ¶¶ 26-29, 62, 70-74, 77-79, 90, 93, 102-103, 145, 150-151. Moreover, there is no evidence in the record to establish [redacted] As Plaintiff has admitted the statement in DSOF ¶ 232, and because he has not supported his counterstatement/note with admissible evidence, DSOF ¶ 232 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

## VIII. ADVERTISEMENTS IN THE HTV APPS.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

236a. [redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted [redacted] Plaintiff's counterstatement/note is not supported by the cited evidence or with any admissible evidence; it is not relevant to Plaintiff's claim, is without foundation and inadmissible hearsay, *see* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1, Fed. R. Evid. 402, 602, 802. There is no testimony from HTV or GAM to support Plaintiff's note/counterstatement. Defendant does not dispute that the GAM Agreement [redacted] but that definition (or the definition at the time of contracting) is not in the record or in Plaintiff's response. Plaintiff has provided

no evidence that [redacted] and therefore that statement cannot create a genuine dispute of material fact. As Plaintiff admitted the statement in DSOF ¶ 237a, and because Plaintiff's counterstatement/note is not supported by admissible evidence and does not refute DSOF ¶ 237a, DSOF ¶ 237a should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact, as Plaintiff has now admitted that [redacted] Plaintiff has not supported his denial with admissible evidence; it is without foundation, inadmissible hearsay and not relevant to Plaintiff's claims set forth below. *See* Fed. R. Civ. P. 56(c), Local Civ. R. 56.1, Fed. R. Evid. 402, 602, 802. Plaintiff's further counterstatement and evidence cited in support thereof (which is limited only to [redacted], *see* Ex. D, Reardon Dep. at 87:8-88:8) does not refute DSOF ¶ 238. [redacted]. Ex. V, Vint Decl. ¶¶ 21, 27. [redacted] *Supra*, DSOF ¶¶ 58-62 (citing Ex. C, Therrien Dep. at 24:21-25:14; 28:4-20, 29:4-13, 30:1-20, 32:11-35:12). As Plaintiff has admitted DSOF ¶ 238, and because Plaintiff has not supported the denial/counterstatement with admissible evidence, DSOF ¶ 238 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact; Plaintiff has now admitted [redacted] To the extent relevant, Defendant's counterstatement/note is not supported by the cited evidence. The cited deposition testimony from Mr. Rosellini concerns the [redacted]. Ex. B, Rosellini Dep. at 249:9-250:23. As Plaintiff has admitted the statement in this DSOF, and because the counterstatement, is in part, unsupported, and does not refute this DSOF, DSOF ¶ 244 should be deemed admitted.

[redacted]

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial is unsupported by the cited evidence. Rosellini's testimony does not relate to [redacted], does not support the counterstatement, and does not refute DSOF ¶ 245. *See* Ex. B, Rosellini Dep. at 71:17-24; *see also supra*, DSOF ¶¶ 105, 110-112, 243; *infra* DSOF ¶ 246. Because Plaintiff has not cited evidence that refutes DSOF ¶ 245 as required by Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1, DOSF ¶ 245 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

**IX. HEARST TELEVISION.**

[redacted]

*Defendant's Reply*: There is no material dispute of fact; Plaintiff has now admitted that "[redacted] laintiff's additional counterstatement does not refute DSOF ¶ 248, and it is not supported by the cited evidence; the cited evidence is also without foundation, inadmissible hearsay and irrelevant to Defendant's motion for summary judgment. *See* Fed. R. Civ. P. ¶ 56(c), Local Civ. R. 56.1, Fed. R. Evid. 402, 602, 802. There is no foundation for Plaintiff to speak [redacted] nor foundation as to what, if any, [redacted] *See infra*, PSOF ¶¶ 175-176. Further, the evidence cited in support of Plaintiff's additional counterstatement does not support the counterstatement as written: Plaintiff provides no evidence in support of its assertion as to [redacted]. Finally,

there is no evidence in the record to establish [redacted]

[redacted]

**Plaintiff's Response: Deny** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact; Plaintiff has now admitted that "[redacted] Plaintiff's denial is unsupported by the cited deposition testimony. *See* Ex. B, Rosellini Dep. at 75:22-76:14, 79:13-23 [redacted]); *see also supra*, DSOF ¶ 248. Because Plaintiff's denial is not supported by admissible evidence pursuant to Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 249 should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no material issue of fact. Plaintiff's denial cites to evidence that does not refute DSOF ¶ 250 or the evidence cited therein, nor does it support Plaintiff's denial. Because Plaintiff's denial is not supported by admissible evidence pursuant to Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 250 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze "[redacted]." *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 253 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence indicating that HTV ever "[redacted]." *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 254 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze ever identified "[redacted]." *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145. Because

Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 255 should be deemed admitted.

[redacted]

**Plaintiff's Response:** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff has not supported the denial with specific admissible evidence as required by Fed. R. Civ. P. 56(c) and Local Civ. R. 56.1, and thus DSOF ¶ 256 should be deemed admitted.

[redacted]

**Plaintiff's Response: Admit**

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze or GAM ever [redacted] *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 258 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze or GAM ever [redacted]. *See also infra*, PSOF ¶¶ 4-6, 10-12, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 259 should be deemed admitted.

[redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze or GAM ever [redacted] *See also infra*, PSOF ¶¶ 13-25, 32-33, 164-169. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 260 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*Defendant's Reply*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge, nor does it cite to evidence indicating that Braze or GAM ever [redacted]. *See also infra*, PSOF ¶¶ 13-25, 32-33, 164-169. Because Plaintiff has failed to cite to

specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 261 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*<u>Defendant's Reply</u>*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence indicating that HTV ever "[redacted]." *See also infra*, PSOF ¶¶ 4-6, 10-12, 26-29, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 262 should be deemed admitted.

[redacted]

**Plaintiff's Response: Deny.** [redacted]

*<u>Defendant's Reply</u>*: There is no genuine dispute of material fact. Plaintiff's counterstatement is conclusion and argument, to which no response is required. To the extent the counterstatement is a statement of fact, Plaintiff's denial does not cite to any evidence speaking to HTV's knowledge. *See also infra*, PSOF ¶¶ 4-6, 10-12, 26-29, 62, 70-74, 77-79, 90, 93, 99, 102-103, 107-108, 110, 114, 125, 145, 150-151. Because Plaintiff has failed to cite to specific admissible evidence to support its denial under Fed. R. Civ. P. 56(c) and Local Civil R. 56.1, DSOF ¶ 263 should be deemed admitted.

# DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE 56.1 STATEMENT OF FACTS

## I. DEFENDANT DISCLOSED PII TO BRAZE AND GOOGLE

1. Defendant integrated third party software called "Braze" into its Class Apps. Rosellini Dep. at 141:14-20.

**Defendant's Response:** To the extent the undefined term "Class Apps" refer to the HTV Apps as defined in ECF No. 119, Defendant's Statement of Undisputed Material Facts ¶ 3, n.1, Hearst does not dispute that it uses Braze's software as a service to send email and push notifications, but the cited testimony does not support the statement in Paragraph 1. In any event, the statement does not create a material issue of fact. *See supra*, DSOF ¶ 159; *see also supra*, DSOF ¶ 175; Ex. A, Rosellini Decl. ¶¶ 13, 14, 20, 42.

[redacted]

**Defendant's Response:** Admit. *See supra*, DSOF ¶ 179.

[redacted]

**Defendant's Response:** Admit. *See supra*, DSOF ¶ 180.

[redacted]

**Defendant's Response:** Admit. *See supra*, DSOF ¶¶ 184, 186 & 187.

[redacted]

**Defendant's Response:** HTV does not dispute that [redacted] but notes that the testimony has been altered from the original. In any event, the statement does not create a material issue of fact. *See supra*, DSOF ¶¶ 153-55, 184-86; *see also* Ex. B, Rosellini Dep. at 114:9-14.

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** HTV does not dispute that [redacted] and that ¶ 38 of Reardon's report contains the quoted language, which was based on Reardon's [redacted]. *See* Ex. D, Reardon Dep. at 20:25-21:8, 74:8-23.

Reardon's [redacted] (Ex. D, Reardon Dep. at 26:13-25, 71:18-72:2, 75:16-76:24, 78:11-23, 80:1-4, 104:15-19; Ex. C, Therrien Dep. at 25:1-14); and (2) [redacted] (Ex. D, Reardon Dep. at 63:3-10, 65:13-67:22, 71:18-74:7).

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1. The quoted "[redacted] is without foundation pursuant to Fed. R. Evid. 602 and inadmissible hearsay pursuant to Fed. R. Evid. 802. While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)).

[redacted]

**Defendant's Response:** The statement is unsupported by the cited evidence and therefore cannot create a genuine dispute of material fact. There is no reference to an [redacted] in the referenced exhibit and [redacted]. *See supra*, DSOF ¶ 11. Admit that [redacted]. Ex. B, Rosellini Dep. at 162:14-163:5; *see also* Ex. A, Rosellini Decl. ¶ 28 ([redacted]); ¶ 51 ([redacted]

[redacted]

**Defendant's Response:** Admit. *See* Ex. A, Rosellini Decl. ¶ 18; ECF No. 136 (2/14/25 Order Denying Class Certification) at 3 ("If a user permits HTV to use geolocation data 'always' or when using the App, the geolocation data is sent to Braze when the App is 'foregrounded' – that is, when the App is open and in focus or actively being displayed on a phone's screen."); ECF No. 97-4 (11/8/24 Rosellini Decl.) ¶ 18; ECF No. 94 (Defendant's Memorandum in Opposition to Class Certification) at 4.

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** The statement is unsupported by the cited evidence and therefore cannot create a genuine dispute of material fact. HTV nevertheless admits that under certain circumstances [redacted]

[redacted] Ex. D, Reardon Dep. at 20:25-21:8, 74:8-23; 151:4-16.

[redacted]

**Defendant's Response:** The statement is unsupported by the cited evidence and therefore cannot create a genuine dispute of material fact. HTV nevertheless admits that [redacted] DSOF ¶¶ 104-107, 204; Ex. A, Rosellini Decl. ¶¶ 47, 48.

[redacted]

**Defendant's Response:** Admit. *See also* Ex. A, Rosellini Decl. ¶¶ 47, 48, 51; Ex. J, HTV 0000633 at Rows 1, 10862.

[redacted]

**Defendant's Response:** Admit. *See also* Ex. A, Rosellini Decl. ¶¶ 47, 48, 51; Ex. J, HTV 0000633 at Rows 1, 10862.

[redacted]

**Defendant's Response:** Paragraph 16 appears to misquote and improperly alter the cited testimony, and therefore the statement is unsupported by the cited evidence and cannot create a genuine dispute of material fact. In any event the quoted testimony also does not

create a genuine issue of material fact because it is not relevant to Plaintiff's claim. *See* Fed. R. Evid. 402. The quoted testimony [redacted] *See* Kopel Ex. 93, Reardon Decl. ¶ 84, 86; Ex. D, Reardon Dep. at 281:24-285:15. Plaintiff admits [redacted] *See, e.g.*, *supra*, DSOF ¶¶ 21, 23, 58.

The statement also does not create a material issue of fact because Plaintiff admitted, *supra*, DSOF ¶ 204, that [redacted] Reardon confirmed during his deposition that [redacted] Ex. D, Reardon Dep. at 130:17-131:15, 179:6-10, 180:25-182:4.

[redacted]

**Defendant's Response:** The statement is unsupported by the cited evidence, or by any admissible evidence and therefore cannot create a genuine dispute of material fact. HTV does not dispute that [redacted]. Ex. A, Rosellini Decl. ¶¶ 25, 47, 49. HTV also does not dispute that [redacted].

The testimony is inadmissible hearsay to the extent Plaintiff is offering the testimony to introduce the content of network traffic outputs that are not part of Vint's Expert Declaration. *See* Fed. R. Evid. 802. Vint testified that [redacted] Kopel Ex. 11, Vint Dep. at 133:17-134:6, 203:14-21. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp*., No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports").

[redacted]

**Defendant's Response:** The statement is any admissible evidence, and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c).

The testimony is inadmissible speculation and hearsay (without foundation) to the extent Plaintiff is offering the testimony of an Expert witness as to Braze's abilities and

knowledge, topics which are not part of Vint's Expert Declaration. *See* Fed. R. Evid. 403, 602, 802. Plaintiff has not offered evidence establishing that Vint has any basis or knowledge of what anyone else could do or has done. Kopel Ex. 11, Vint Dep. at 90:13-24. Vint testified that [redacted] Kopel Ex. 11, Vint Dep. at 133:17-134:6, 203:14-21. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp.*, No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports").

[redacted]

**Defendant's Response:** Paragraph 19 is unsupported by the cited evidence, or any admissible evidence, and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). In any event the statement also does not create a genuine dispute of material fact because it is not relevant to Plaintiff's claim. *See* Fed. R. Evid. 402. The cited testimony concerns [redacted] *See* Kopel Ex. 93, Reardon Decl. ¶ 84, 86; Ex. D, Reardon Dep. at 281:24-285:15. Plaintiff admits [redacted] *See, e.g.*, *supra*, DSOF ¶¶ 21, 23, 58.

There is no foundation for the statements in Paragraph 19 because they are [redacted] Kopel Ex. 93, Reardon Decl. ¶ 86. There also is no testimony from HTV about [redacted] the statement is hearsay to the extent Plaintiff is [redacted] Plaintiff has not established that Reardon [redacted]. Ex. D, Reardon Dep. at 275:8-10. There is no testimony from HTV regarding what "category" represents. [redacted]

[redacted] Ex. D, Reardon Dep. at 271:10-272:13, 275:4-276:7, 281:24-285:15.

[redacted]

**Defendant's Response:** Paragraph 20 is unsupported by the cited evidence, or any admissible evidence, and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). In any event the statement also does not create a genuine dispute of material fact because it is not relevant to Plaintiff's claim. *See* Fed. R. Evid. 402. The cited testimony concerns [redacted] *See* Kopel Ex. 93, Reardon Decl. ¶ 84, 86; Ex. D, Reardon Dep. at 281:24-285:15. Plaintiff admits [redacted] *See, e.g.*, *supra*, DSOF ¶¶ 21, 23, 58.

There is no foundation for the statements in Paragraph 20 because they are based on [redacted]. *See* Kopel Ex. 93, Reardon Decl. ¶ 86. There also is no testimony about [redacted] the statement is hearsay to the extent Plaintiff is [redacted]. Plaintiff has not established that Reardon [redacted]. Ex. D, Reardon Dep. at 275:8-10. There is no testimony from HTV regarding what "category" represents. [redacted] Ex. D, Reardon Dep. at 271:10-272:13, 275:4-276:7, 281:24-285:15.

[redacted]

**Defendant's Response:** Paragraph 21 is unsupported by the cited evidence, or any admissible evidence, and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). HTV does not dispute that [redacted] There is no evidence that [redacted] In any event the statement also does not create a genuine dispute of material fact because it is not relevant to Plaintiff's claim. *See* Fed. R. Evid. 402. The cited testimony concerns [redacted] *See* Kopel Ex. 93,

Reardon Decl. ¶ 84, 86; Ex. D, Reardon Dep. at 281:24-285:15. Plaintiff admits [redacted] *See, e.g.*, *supra*, DSOF ¶¶ 21, 23, 58.

There is no foundation for the statement in Paragraph 21 because it is based on [redacted] *See* Kopel Ex. 93, Reardon Decl. ¶ 86. There also is no testimony about [redacted] the statement is hearsay to the extent Plaintiff is [redacted]. Plaintiff has not established that Reardon [redacted] Ex. D, Reardon Dep. at 275:8-10. There is no testimony from HTV regarding what "category" represents. [redacted] Ex. D, Reardon Dep. at 271:10-272:13, 275:4-276:7, 281:24-285:15.

[redacted]

**Defendant's Response:** The statement is unsupported by the evidence cited or any admissible evidence and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). There is no testimony to establish that any [redacted] The transmission at issue is not part of Vint's Expert Declaration and Vint testified that [redacted]. Kopel Ex. 11, Vint Dep. at 133:17-134:6, 203:14-21; Ex. H, Vint Decl. ¶¶ 16, 18. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp*., No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports").

[redacted]

**Defendant's Response:** The statement is unsupported by the cited evidence and therefore cannot create a genuine dispute of material fact. *See also* Ex. B, Rosellini Dep. at 82:16-24, 83:12-20, 87:25-88:8, 88:14-21.

[redacted]

**Defendant's Response:** Admit. *See also supra*, DSOF ¶¶ 242, 246.

[redacted]

**Defendant's Response:** Admit, but deny that the quoted language is Mr. Rosellini's words. *See also supra*, DSOF ¶¶ 105, 243.

[redacted]

**Defendant's Response:** Admit. *See* DSOF ¶¶ 143, 236a, 237, 238; Ex. A, Rosellini Decl. ¶ 30.

[redacted]

**Defendant's Response:** Admit to the extent "Google" refers to Google Ad Manager. *See also* SOF ¶¶ 236a, 237, 237a, 239, 240.

[redacted]

**Defendant's Response:** The cited testimony does not support the statement made and cannot create a material issue of fact. [redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 68:11-19.

[redacted]

**Defendant's Response:** The statement in Paragraph 29 is argument, not a statement of fact. To the extent it can be construed as a factual statement, the statement is unsupported by the evidence cited and therefore cannot create a genuine dispute of material fact. *See, e.g.*, Ex. B, Rosellini Dep. at 83:12-20. It is also immaterial to the claim brought by Plaintiff because it does not address evidence specific to Plaintiff.

## II. DEFENDANT DISCLOSED PII TO BRAZE FOR TARGETED MARKETING AND ANALYTICS

[redacted]

**Defendant's Response:** Admit, but note that the statement is incomplete. [redacted] *See* Ex. A, Rosellini Decl. ¶ 42; Ex. B, Rosellini Dep. at 96:18-25, 167:3-168:18.

[redacted]

**Defendant's Response:** Admit that the referenced [redacted] *See* Ex. A, Rosellini Decl. ¶ 42; Ex. B, Rosellini Dep. at 95:6-96: 25, 97:19-98:5, 167:3-168:18. There is no evidence that [redacted]

[redacted]

**Defendant's Response:** The statement is unsupported by the evidence cited or any admissible evidence and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802, 1002; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). The testimony is hearsay, without foundation, and is speculation because Plaintiff has not offered evidence establishing that Vint has any basis or knowledge of what anyone else could do or has done, particularly anyone at Braze, and to the extent Plaintiff is seeking to introduce [redacted]. Kopel Ex. 11, Vint Dep. at 90:17-18, 90:23-24. There is no evidence that [redacted]. The cited testimony also is not part of Vint's Expert Declaration. *See* Kopel Ex. 11, Vint Dep. at 90:17-18, 90:23-24; Ex. H, Vint Decl. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp.*, No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at **https://www.mad.uscourts.gov/boston/stearns.htm**, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports").

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** Admit that cited evidence indicates that [redacted] *See* DSOF ¶¶ 185, 195, 197. In any event, the statement does not create a genuine dispute of material fact because [redacted] *See* DSOF ¶¶ 65, 79, 81; ECF No. 136 (2/14/25 Order Denying Class Certification) at 12 n.5, 13 n.6.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create a genuine dispute of material fact. Mr. Rosellini testified that [redacted] Ex. B, Rosellini Dep. (Errata) at 111:11, 111:15; *see also* Ex. A, Rosellini Decl. ¶¶ 28, 47, 49, 51. To the extent the statement is meant to incorporate (without specifying) statements in Reardon ¶¶ 33-39 concerning [redacted]. Ex. D, Reardon Dep. at 131:4-15; *see also* DSOF ¶¶ 211-217.

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** Admit. *See, e.g.*, DSOF ¶¶ 153-155; Ex. A, Rosellini Decl. ¶¶ 41, 42, 46.

[redacted]

**Defendant's Response:** Admit that the referenced document includes the quoted language and that the [redacted] *See* Ex. A, Rosellini Decl. ¶ 42; Ex. B, Rosellini Dep. at 95:6-96: 25, 97:19-98:5, 167:3-168:18. There is no evidence that [redacted]

[redacted]

**Defendant's Response:** Admit that [redacted] *See, e.g.*, DSOF ¶¶ 68-70, 72.

[redacted]

**Defendant's Response:** Admit. *See also, e.g.*, DSOF ¶ 155. There is no evidence in the record that Braze [redacted] that affected Plaintiff. Ex. B, Rosellini Dep. at 99:24-101:9 ([redacted]).

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** Admit that the document contains the stated language, but dispute that [redacted] *See* Ex. B, Rosellini Dep. 141:8-144:12. Mr. Rosellini's testimony about [redacted] is uncontroverted by any evidence from Braze or any other source, and therefore there is no genuine dispute of material fact.

[redacted]

**Defendant's Response:** Admit that the referenced exhibit includes the quoted language but the statement is otherwise not supported by the cited evidence and therefore cannot create a genuine dispute of material fact. In any event, there is no genuine dispute of material fact that [redacted]

[redacted].
*See, e.g.*, Ex. B, Rosellini Dep. at 107:18-109:12.

[redacted]

**Defendant's Response:** Admit that quoted excerpts appear in Mr. Rosellini's testimony, but the statement is otherwise not supported by the cited evidence and therefore cannot create a genuine dispute of material fact. The cited testimony does not support the statement that [redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 107:18-109:12.

[redacted]

**Defendant's Response:** Admit. *See also* DSOF ¶¶ 13, 135, 136, 186-88; Ex. A, Rosellini Decl. ¶ 16.

[redacted]

**Defendant's Response:** Admit. *See also* DSOF ¶ 203a.

[redacted]

**Defendant's Response:** The statement in Paragraph 47 is argument, not a statement of fact. To the extent it can be construed as a factual statement, the statement is unsupported by the evidence cited and therefore cannot create a genuine dispute of material fact. HTV refers to the cited testimony and Errata sheet for its true and unaltered contents (including the vague and ambiguous question without proper foundation), including that [redacted]. Ex. B, Rosellini Dep. (Errata) at 126:23-127:13; *see also* DSOF ¶ 130. The cited testimony [redacted]. In any event, Plaintiff in this case [redacted] *See* DSOF ¶¶ 68-75. As a result, the statement cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** The statement that [redacted] is not supported by the cited evidence, is without foundation, and unreliable, and therefore cannot create a genuine dispute of material fact. Paragraph 38 of Reardon's Report [redacted]. Reardon admitted [redacted] Ex. D, Reardon Dep. at 20:25-21:8, 75:9-19, 151:4-16, 166:24-167:2, 194:4-11.

[redacted]

**Defendant's Response:** Paragraph 49 is duplicative of Paragraph 21. The statement is unsupported by the cited evidence, or any admissible evidence, and cannot create a genuine dispute of material fact. *See* Fed. R. Evid. 602, 802; Local Civ. R. 56.1; Fed R. Civ. P. 56(c). HTV does not dispute that [redacted] In any event the statement also does not create a genuine dispute of material fact because it is not relevant to Plaintiff's claim. *See* Fed. R. Evid. 402. The cited testimony concerns [redacted]. *See* Kopel Ex. 93, Reardon Decl. ¶ 84, 86; Ex. D, Reardon Dep. at 281:24-285:15. Plaintiff admits [redacted]. *See, e.g.*, *supra*, DSOF ¶¶ 21, 23, 58.

There is no foundation for the statement in Paragraph 49 because it is based on [redacted] *See* Kopel Ex. 93, Reardon Decl. ¶ 86. There also is no testimony about [redacted] the statement is hearsay to the extent Plaintiff is [redacted] Plaintiff [redacted] Ex. D, Reardon Dep. at 275:8-10. There is no testimony from HTV regarding what "category" represents. [redacted] Ex. D, Reardon Dep. at 271:10-272:13, 275:4-276:7, 281:24-285:15.

[redacted]

**Defendant's Response:** The cited testimony does not support the statement made and therefore cannot create a genuine dispute of material fact. There is no evidence that [redacted] In any event, there is no genuine dispute of material fact that [redacted]

[redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 107:18-109:12.

[redacted]

**Defendant's Response:** Admit that the referenced [redacted] *See* Ex. A, Rosellini Decl. ¶ 42; Ex. B, Rosellini Dep. at 95:6-96:25, 97:19-98:5, 167:10-168:18. There is no evidence that [redacted]

[redacted]

**Defendant's Response:** Admit that [redacted] *See, e.g.*, Ex. A, Rosellini Decl. ¶¶ 20, 42; Ex. B, Rosellini Dep. at 95:6-96: 25, 97:19-98:5, 167:10-168:18.

[redacted]

**Defendant's Response:** Admit that [redacted]. In any event, the unrefuted evidence is that the [redacted]. *See, e.g.*, Ex. B, Rosellini Dep. at 107:18-109:12.

[redacted]

**Defendant's Response:** Admit that the Braze MSA contains the referenced language. *See also* MSJ at 26 n.19. In any event, the statement does not create any genuine issue of material fact because [redacted]

## III. DEFENDANT DISCLOSED PII TO GOOGLE FOR TARGETED ADVERTSING

[redacted]

**Defendant's Response:** Admit that [redacted] *See also* DSOF ¶¶ 222-224.

[redacted]

**Defendant's Response:** Admit. *See also, e.g.*, DSOF ¶¶ 221-224.

[redacted]

**Defendant's Response:** Admit that [redacted] *See also* DSOF ¶¶ 221-224. In any event, there is no evidence as to [redacted]

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited documents, there is no evidence that [redacted] therefore the statement cannot create any genuine issue of material fact. The testimony is that [redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 247:19-249:12, 250:9-23. The referenced document underscores that [redacted]. Plaintiff's reference to Ex. 54 is irrelevant because it [redacted] *ee* Ex. B, Rosellini Dep. at 252:2-253:6; DSOF ¶¶ 23, 58, 61-62.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create a genuine dispute of material fact, but in any event is not material to Plaintiff's claim in this case. As the quoted Rosellini testimony reflects, [redacted] *See* Ex. B, Rosellini Dep. at 249:9-250:23.

[redacted]

**Defendant's Response:** Admit that the cited testimony includes the quoted language, but Paragraph 60 otherwise includes a legal conclusion, not a statement of fact, is not supported

by the cited testimony, and therefore cannot create a genuine dispute of material fact. The cited testimony also is out of context and immaterial, because it is undisputed that [redacted] DSOF ¶¶ 235-236, 239-241; *see also* Ex. B, Rosellini Dep. at 244:14-245:12. It is also immaterial because there is no evidence of [redacted] DSOF ¶ 251. As a result, the statement does not create any genuine issue of material fact.

[redacted]

**Defendant's Response:** Admit that the GAM Agreement contains the referenced language. *See also* MSJ 26 n.19. In any event, the statement does not create any genuine issue of material fact because [redacted]

**IV. GEOLOCATION, E-MAIL ADDRESS, AND AAID ARE REASOANBLY AND FORSEEABLY LIKELY TO IDENTIFY CLASS MEMBERS**

[redacted]

**Defendant's Response:** The statement does not create a genuine issue of material fact. Vallina-Rodriguez's [redacted] (Ex. F, Vallina-Rodriguez Dep. at 116:15-19 [redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 91:8-10, 121:19-122:3, 123:12-124:8, 130:12-131:20, 146:6-11, 161:11-20, 257:6-10 [redacted]"), 263:18-22, 313:12-16, 351:9-352:17; *see also* ECF No. 136 (2/14/25 Order Denying Class Cert.) at 7, 13-14.

[redacted]

**Defendant's Response:** Admit that Vallina-Rodriguez characterizes himself as [redacted]

64. A 2013 study by Yves-Alexandre de Montjoye, et al. found that "four randomly selected spatio-temporal points are enough to uniquely identify 95% of the users in the dataset." Based on this, the authors concluded that "the uniqueness of human mobility traces is high and that mobility datasets are likely to be reidentifiable [*i.e.*, identification by first and last name] using information only on a few outside locations." Kopel Decl. Ex. 89 at 2.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid 602 and inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). The statement is a conclusion, not a statement of a fact. In any event, the statement does not create a material issue of fact, as it is unrelated to the HTV data or Therrien's data in any way. *See supra*, PSOF ¶ 62. Moreover, the statement is not material because it describes only the ability *identify* someone, rather than *de-anonymize*; in Vallina-Rodriguez and de Montjoye's field, [redacted] Ex. F, Vallina-Rodriguez Dep. at 101:12-25, which is irrelevant to Therrien's claim that he could be *de-anonymized* (in the parlance of Vallina-Rodriguez and de Montjoye) based on the HTV data. Finally, Vallina-Rodriguez's deposition testimony [redacted] Ex. F, Vallina-Rodriguez Dep. at 132:12-17.

65. Dr. de Montjoye and his colleagues noted that "[f]or re-identification purposes, outside observations could come from any publicly available information, such as an individual's home address, workplace address, or geo-localized tweets or pictures." Kopel Decl. Ex. 89 at 2.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid 602 and inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v.*

*Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not create a material issue of fact, as it is unrelated to the HTV data or Therrien's data in any way. *See supra*, PSOF ¶ 62. Moreover, the statement is not material because it describes only the ability *identify* someone, rather than *de-anonymize*; in Vallina-Rodriguez and de Montjoye's field, [redacted] Ex. F, Vallina-Rodriguez Dep. at 101:12-25, which is irrelevant to Therrien's claim that he could be *de-anonymized* (in the parlance of Vallina-Rodriguez and de Montjoye) based on the HTV data.

66. Dr. de Montjoye's study [redacted]

**Defendant's Response:** Admit that Vallina-Rodriguez [redacted]. The statement does not create a genuine issue of material fact: the 13-year-old study pertains only to [redacted] and [redacted] as Vallina-Rodriguez and de Montjoye use those terms, *see supra*, PSOF ¶ 65, and Vallina-Rodriguez himself [redacted] Ex. F, Vallina-Rodriguez Dep. at 29:21-30:2. The statement is also immaterial because there is no basis to believe any aspect of the de Montjoye study applies to any HTV data or to Therrien's data specifically. *See supra*, PSOF ¶ 62.

67. A peer-reviewed study [redacted]

**Defendant's Response:** The statement is does not create a genuine dispute of material fact. The declaration cited in this statement asserts that [redacted], DSOF ¶¶ 28-30, 33, [redacted], DSOF ¶¶ 21-23, 78, 79, 81, 197, 201, 202.

68. "Humans follow simple reproducible patterns." Kopel Decl. Ex. 86 at 1.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid 602 and inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v.*

*Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: it is irrelevant to any allegation or data in this case, and moreover, Vallina-Rodriguez explains [redacted] DSOF ¶¶ 21-23, 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is interpreting other studies inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: it is irrelevant to any allegation or data in this case, and moreover, Vallina-Rodriguez [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558,

666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: it is irrelevant to any allegation or data in this case, and moreover, Vallina-Rodriguez [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202. The statement is further immaterial in that it [redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 259:8-15.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: [redacted] The statement is further immaterial in that it [redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 259:8-15. To the extent Plaintiff believes this statement is material based on his testimony that [redacted]

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir.

2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: it is irrelevant to any allegation or data in this case, and moreover, the statement [redacted] DSOF ¶¶ 21-23. The statement is further immaterial in that it [redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 259:8-15; 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is speculation, not a factual statement, is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. Vallina-Rodriguez admits that [redacted] Ex. F, Vallina-Rodriguez Dep. at 155:6-156:9. As Vallina-Rodriguez testified, [redacted] *d.* Moreover, Vallina-Rodriguez admitted that [redacted] *Id.* at 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the

basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: The premise is controverted by Vallina-Rodriguez's admission that [redacted] Ex. F, Vallina-Rodriguez Dep. at 257:6-10. The statement is further immaterial in that it is [redacted] *See, e.g.*, *id.* at 259:8-15; 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. The cited testimony is only that [redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. There is no proof in the record, including in Vallina-Rodriguez's cited testimony, [redacted] Ex. F, Vallina-Rodriguez Dep. at 129:17-130:3. In any event, the statement does not relate to a material issue of fact: in the quoted testimony, Vallina-Rodriguez described [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. This statement is controverted by Vallina-Rodriguez's testimony: [redacted] *id.* at 300:3-17. There is no evidence in the record of [redacted]. Ex. H, Vint Decl. ¶ 20. In any event, the statement does not relate to a material issue of fact in light of the denial of class certification and the statement's focus on class members.

[redacted]

**Defendant's Response:** The quoted testimony is inadmissible hearsay and cannot create a genuine dispute of material fact. Hearst did not rely on the Dippon Expert Report in moving for summary judgment, and [redacted] was not the subject of his report in this case (*see* Kopel Decl. Ex. 10) and is therefore inadmissible hearsay; Dippon's prior reports in other cases are also hearsay. *See* Fed. R. Evid. 802; *Soitec, SA v. Silicon Genesis Corp.*, No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports"). The referenced quotation also omits a crucial qualifier. Specifically, Dippon observed that [redacted]. Kopel Decl. Ex. 1, Dippon Dep. at 125:6-127:4. As a result, the statement does not relate to a genuine issue of material fact.

[redacted]

**Defendant's Response:** The quoted testimony is inadmissible hearsay and cannot create a genuine dispute of material fact. Hearst did not rely on the Dippon Expert Report in moving for summary judgment, and [redacted]

[redacted] was not the subject of his report in this case (*see* Kopel Decl. Ex. 10) and is therefore inadmissible hearsay; Dippon's prior reports in other cases are also hearsay. *See* Fed. R. Evid. 802; *Soitec, SA v. Silicon Genesis Corp.*, No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports"). The referenced quotation also omits a crucial qualifier. Specifically, Dippon observed that [redacted]. Kopel Decl. Ex. 1, Dippon Dep. at 125:6-127:4. In the testimony cited in this statement, Dippon testified that [redacted] Dippon Dep. 138:23-139:1. As a result, the statement does not relate to a genuine issue of material fact.

80. Findings of peer reviewed studies by De Montjoye et al., and Golle and Partridge demonstrated the uniqueness of location trajectories and home-work pairs even when working with significantly more coarse-grained geolocation data than what is available in the HTV dataset. Kopel Decl. Ex. 6 ("Polakis Decl.") ¶ 29.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to a material issue of fact: the statement pertains [redacted]

[redacted]. *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

82. Table III from the Geolocation Study shows the various heuristics used by the data privacy research community in order to identify home and workplaces:

| | | **Heuristic Description** | **Dataset Top** | **Dataset Low** | **Proposed by** |
|---|---|---|---|---|---|
| **Home** | 1 | Cluster with the highest number of tweets | 72.3% | 67.8% | [16], [17], [35], [42] |
| | 2 | Most tweets between 20:00-8:00 | 72.1% | 66.4% | [48] |
| | 3 | Most tweets between 24:00-7:00 | 69.3% | 54.7% | [35] |
| | 4 | Last destination of the day (before 3am) | 73.3% | 64.8% | [35], [42] |
| | 5 | Last destination of the day (w/o days with tweets between 24:00-7:00) | 71.4% | 64.4% | [35] |
| | 6 | Weighted PageRank for destinations | 44.1% | 26.4% | [35] |
| | 7 | Weighted PageRank for origins | 37.5% | 20.9% | [35] |
| | 8 | Most popular cluster in terms of unique days, during the *Rest* (2:00-7:59) and *Leisure* (19:00-01:59) time frames | 73.1% | 64.9% | [22] |
| | 9 | WMFV (best reported time frame: 24:00-5:59) | 65% | 50.9% | [46] |
| | 10 | W-MEAN (best reported time frame: 24:00-5:59) | 0.6% | 14.7% | [46] |
| | 11 | W-MEDIAN (best reported time frame: 23:00-5:59) | 15.6% | 24.5% | [46] |
| | 12 | LPAuditor's Home detection without 2nd level clustering | 73.7% | 69.3% | this paper |
| | 13 | **LPAuditor's Home detection** | **92.2%** | **92.9%** | **this paper** |
| **Work** | 14 | Most popular cluster in terms of unique days, during the *Active* time frame (e.g., working hours, 08:00-18:59) | 33.2% | 48.9% | [22] |
| | 15 | Cluster with the second highest number of tweets | 18.5% | 22.8% | - |
| | 16 | LPAuditor's Work detection without 2nd level clustering | 32.2% | 30.4% | this paper |
| | 17 | **LPAuditor's Work detection** | **55%** | **57.6%** | **this paper** |

Kopel Decl. Ex. 77, Table III.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). The excerpt is also incomplete, in that it admits the caption of Table III as provided in the geolocation study: "TABLE III: Comparison between the precision achieved by LPAuditor and previously proposed approaches." Kopel Decl. Ex. 77, Table III. In light of that caption, the statement does not relate to a material issue of fact, because it relates only to a "comparison between" the 2019 geolocation study "and previously adopted approaches."

83. "After the home, the workplace is arguably the second most easily identifiable location in a trace." Kopel Decl. Ex. 76 at 391.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit

for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to a material issue of fact: the statement addresses identifiability of a home and workplace geolocations, [redacted] *supra*, DSOF ¶¶ 21-23.

84. "It is natural to think of the top 2 locations as home and work for a large fraction of the population, but more generally the number … of top preferential locations determines the power of an adversary and safety of a user's privacy. The more top locations an adversary knows about a target, the easier it is to identify the target." Kopel Decl. Ex. 90 at 2.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to a material issue of fact: even if the 2011 paper quoted in this statement argues (as the statement suggests) that a large number of locations makes a target easier to identify, [redacted]. *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

85. The Geolocation Study's [redacted]

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

86. "Frequented locations (work, other commonly frequented locations like gyms, coffee shops, etc.) can be used as additional signals for identifying the user by differentiating between cohabiting users with the same "home & work pairs," including those that live in multi-residential complexes." Polakis Decl. ¶ 29.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

87. The Geolocation Study revealed "cases of users that have relocated (e.g. after graduating), collect students living in dorm rooms during their first year and then moving to a house, and students that regularly visit their family home." Kopel Decl. Ex. 77 at 7.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to a material issue of fact: while the statement addresses multiple geolocation points being used to determine movement, [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202. The statement is further immaterial in that it [redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 259:8-15.

[redacted]

**Defendant's Response:** Paragraph 88 does not contain any statement of fact, only and expert opinion. In any event, it does not relate to a material issue of fact: the quoted portion of Vallina-Rodriguez's testimony addresses [redacted]. *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

89. The concept that individuals are likely to be identified and de-anonymized by cross-referencing external data sources against frequented locations is widely accepted within the community. Kopel Decl. Ex. 89 at 2; Kopel Decl. Ex. 90 at 146. Kopel Decl. Ex. 76 at 393; Kopel Decl. Ex. 77 at 2.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced documents are inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on

hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact, as it addresses [redacted]. *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). Moreover, [redacted], does not relate to any material issue of fact. *See supra*, PSOF ¶ 64; DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** This statement misquotes Vallina-Rodriguez's Declaration, [redacted] V.R. Decl. ¶ 69 (emphasis added). In any event, the statement is not supported by admissible evidence because the full quotation demonstrates that this statement is in fact inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). The

statement does not relate to a material issue of fact for the additional reason that it pertains [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence or any admissible evidence and therefore cannot create any genuine issue of material fact. The referenced statement is not based on personal knowledge, so is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). The inset [redacted].

93. The New York Times ran a project in 2019 called the "Times Privacy Project" in which they identified people based on geolocation data provided to them. They concluded that: "Yes, the location data contains billions of data points with no identifiable information like names or email addresses. But it's child's play to connect real names to the dots that appear on the maps." Kopel Decl. Ex. 92; [redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation and is inadmissible hearsay (and contains hearsay) under Fed. R. Evid. 802 and no exception applies. The statement also mischaracterizes the referenced document, which shows on its face that it is an "Opinion" column. Kopel Decl. Ex. 92 at 1. In any event, the statement does not relate a material issue of fact: in context, it is based on [redacted] (*id.* at 4). *See also* Dippon Dep. at

237:12-238:11; *see also supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

94. The Times Privacy Project stated that "In most cases, ascertaining a home location and an office location was enough to identify a person. Consider your daily commute: would any other smartphone travel directly between your house and your office every day?" Kopel Decl. Ex. 92.

> **Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation and is inadmissible hearsay (and contains hearsay) under Fed. R. Evid. 802 and no exception applies. In any event, the statement does not relate to a material issue of fact: it asserts that [redacted] *supra*, DSOF ¶¶ 21-23; *see also* Dippon Dep. at 237:12-238:11.

[redacted]

> **Defendant's Response:** The statement is not supported by the cited evidence or any admissible evidence and therefore cannot create any genuine issue of material fact. The referenced statement is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to any genuine issue of material fact in this case.

[redacted]

> **Defendant's Response:** The statement is not supported by the cited evidence or any admissible evidence and therefore cannot create any genuine issue of material fact. The referenced statement is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, the statement does not relate to a genuine issue of material fact, because [redacted] Ex. F, Vallina-Rodriguez Dep. at 129:17-130:3.

97. A report from the Duke Sanford Cyber Policy Program "examines 10 major data brokers and the highly sensitive data they hold on U.S. individuals." This report shows that data brokers purport to provide access to individual's interests, buying activities, in-store purchase data, behavior, political behavior, geolocation data, travel vendors, and much more. Polakis Decl. ¶ 33.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and cannot create any genuine issue of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony or any admissible evidence and therefore cannot create a genuine dispute of material fact. Hearst did not rely on the Dippon Expert Report in moving for summary judgment, whether "the free market gives sufficient basis to expect accurate marketing from data brokers" was not the subject of his report in this case (*see* Kopel Decl. Ex. 10) and is therefore inadmissible hearsay. *See* Fed. R. Evid. 802; *Soitec, SA v. Silicon Genesis Corp.*, No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also* Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports"). There is no evidence in the record to support the proposition that [redacted]. In any event, the statement does not relate to a material issue of fact: [redacted] Ex. F, Vallina-Rodriguez Dep. at 129:17-130:3.

99. A study by Dr. Polakis "empirically demonstrates how web services (e.g., social networking sites like Facebook and Twitter) can be used for automatically mapping users' emails to their full names." Polakis Decl. ¶ 24.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

[redacted]

**Defendant's Response:** Paragraph 100 does not include any factual statement, only speculation, and therefore is not supported by admissible evidence and cannot create a genuine dispute of material fact. In any event, it is immaterial to Plaintiff's claim.

[redacted]

**Defendant's Response:** Admit that [redacted].

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony or any admissible evidence and therefore cannot create a genuine dispute of material fact. [redacted] Ex. B, Rosellini Dep. at 7:3-5. The referenced document also is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. No foundation has been laid for admission of this document. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and is without foundation and therefore cannot create a genuine dispute of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. No foundation has been laid for admission of this document. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact. Among other things, [redacted]

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence, is without foundation, and purports to make counsel for Plaintiff a witness in this case, and therefore cannot create a genuine dispute of material fact. The referenced document is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. No foundation has been laid for admission of this document. *See also* PSOF ¶¶ 102-103 above. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact. Among other things, [redacted].

[redacted]

**Defendant's Response:** The statement is an opinion, not a statement of a fact, is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid 602 and inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc*., 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). In any event, this statement does not relate to a material issue of fact: it addresses [redacted] *See supra*, DSOF ¶¶ 78, 79, 81, 197, 201, 202.

[redacted]

**Defendant's Response:** The statement is an opinion, not a statement of a fact, is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The statement is controverted by Vallina-Rodriguez's testimony: [redacted]

[redacted] *id.* at 300:3-17.

[redacted]

**Defendant's Response:** Admit that [redacted] *See* Ex. B, Rosellini Dep. at 171:19-172:4; *cf.* ECF No. 136 at 14. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence, is without foundation, and therefore cannot create any genuine issue of material fact. The referenced exhibit—[redacted] Kopel Decl. ¶ 15—(i) is inadmissible hearsay, *see* Fed. R. Evid. 802, as it is offered for its truth and no exception applies, *see* Fed. R. Evid. 803, and (ii) is without foundation and not properly authenticated, *see* Fed. R. Evid. 901, as [redacted] No foundation has been laid for admission of this document. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and cannot create a genuine dispute of material fact. The cited evidence itself contradicts the statement: [redacted] In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence, is without foundation, and therefore cannot create any genuine issue of material fact. The referenced exhibit—[redacted] Kopel Decl. ¶ 6—(i) is inadmissible hearsay, *see* Fed. R. Evid. 802, as it is offered for its truth and no exception applies, *see* Fed. R. Evid. 803, and (ii) is without foundation and not properly authenticated, *see* Fed. R. Evid. 901, as [redacted]. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** Admit, but the statement does not create any genuine issue of material fact because it does not state [redacted]. *See infra*, PSOF ¶ 112.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create a genuine dispute of material fact. The statement is contradicted by the evidence in the record. Mr. Rosellini testified that [redacted] Plaintiff has put forth no evidence to the contrary.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create a genuine dispute of material fact. The statement is contradicted by the evidence in the record. Mr. Rosellini testified that [redacted] Ex. B, Rosellini Dep. at 28:10-29:4. Plaintiff has put forth no evidence to the contrary.

[redacted]

**Defendant's Response:** The statement is argument, not a factual statement, and cannot create a genuine dispute of material fact, but in any event is not supported by the cited testimony and for that reason also cannot create a genuine dispute of material fact. The statement is contradicted by the evidence in the record. Saunders testified that [redacted] Ex. E, Saunders Dep. at 35:23-25; *cf.* ECF 136 at 14. Moreover, the statement is not relevant to Plaintiff Therrien's claims; Plaintiff's counsel represented to this Court that Ms. Saunders did not provide her email address to the WCVB App and she is no longer a Plaintiff. ECF No. 67 at 1.

[redacted]

**Defendant's Response:** Admit.

[redacted]

**Defendant's Response:** Admit that Braze produced the referenced document in response to Plaintiff's July 12, 2024 subpoena, *see, e.g.*, ECF No. 76 at 4, [redacted] ECF No. 67 at 1. There is no foundation or support for the statement that [redacted]. *Cf.* ECF 136 at 14.

117. Plaintiff uses the WMUR App from his home multiple times per week. *See* Therrien Class Cert. Decl. ¶ 3.

**Defendant's Response:** The statement is not supported by the cited testimony because the cited declaration contradicts Therrien's deposition testimony and therefore cannot create a genuine dispute of material fact. *See Escribano-Reyes v. Prof. Hepa Certificate Corp.*, 817 F.3d 380, 386 (1st Cir. 2016); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994). Plaintiff admitted that, [redacted] *See supra*, DSOF ¶¶ 19-27.

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create a genuine dispute of material fact. The cited testimony concerns whether Therrien [redacted]. Regardless, the statement is irrelevant to Plaintiff's claim and does not create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** Admit that, [redacted] Ex. C, Therrien Dep. at 9:12-10:5. This fact, however, is immaterial and cannot create a genuine dispute of material fact: [redacted]. *See supra*, DSOF ¶¶ 38-42 & PSOF ¶ 122; *see also* Ex. J, HTV 000633 at Row 10862 ([redacted]

120. Plaintiff regularly used the WMUR App from home between February 20, 2022 and August 27, 2023 to check the weather. HTV-0000633; Therrien Class Cert. Decl. ¶ 3.

**Defendant's Response:** The statement is not supported by the cited document or testimony, which contradicts Therrien's deposition testimony, and therefore cannot create a genuine dispute of material fact. *See Escribano-Reyes v. Prof. Hepa Certificate Corp.*, 817 F.3d 380, 386 (1st Cir. 2016); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994). Plaintiff admitted that, [redacted]. *See supra*, DSOF ¶¶ 19-27. [redacted] *See supra*, DSOF ¶¶ 38-42.

[redacted]

**Defendant's Response:** Admitted. [redacted]. *See supra*, DSOF ¶¶ 38-42.

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create a genuine dispute of material fact. [redacted] and Plaintiff has not laid a foundation or cited evidence to support the statement.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. The cited document [redacted] Ex. A, Rosellini Decl. ¶¶ 44, 45, 51.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. The cited testimony does not support the statement made, and there is no evidence that [redacted]. In any event, the statement is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence, is without foundation, and therefore cannot create any genuine issue of material fact. The referenced exhibit—[redacted]i) is inadmissible hearsay, *see* Fed. R. Evid. 802, as it is offered for its truth and no exception applies, *see* Fed. R. Evid. 803, and (ii) is without foundation and not properly authenticated, *see* Fed. R. Evid. 901, as [redacted]. *See also United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). No foundation has been laid for admission of this document. In any event, [redacted] is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

126. Plaintiff kept location services enabled at all times on the WMUR app during the class period. Therrien Class Cert. Decl. ¶ 4.

**Defendant's Response:** Admit that Plaintiff has submitted a declaration so stating, but deny that Plaintiff's recollection is the best evidence of the settings on his phone during the relevant time period. Ex. C, Therrien Dep. at 97:20-98:2. In any event, whether Plaintiff

kept location services enabled at all times is immaterial because [redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create any genuine issue of material fact. In any event, the statement is irrelevant to Plaintiff's claim and cannot create a genuine dispute of material fact.

[redacted]

**Defendant's Response:** Admit. There is no record of [redacted] *See also* DSOF ¶ 143.

[redacted]

**Defendant's Response:** Admit that [redacted]

**Defendant's Response:** Paragraph 130 does not include any factual statement, only speculation, and therefore is not supported by admissible evidence and cannot create a genuine dispute of material fact. In any event, it is immaterial to Plaintiff's claim.

131. The methodology from the Geolocation Study can reasonably be applied to the data in this case based on the established "similarities between the usage patterns of HTV apps and Twitter." Polakis Decl. ¶¶ 23, 30.

> **Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

132. "There is nothing unique about the data in this case that would exempt it from the universal consensus of the privacy research community that there is no way to anonymize this level of precise geolocation information." Polakis Decl. ¶¶ 23, 30.

> **Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

133. "Scientists routinely extend the proven principles and methodologies from studies to external datasets where they are expected to be comparable." Polakis Decl. ¶ 27.

> **Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

134. "The reason privacy researchers conduct these studies is to inform about the real-world implications of dissemination of personally-identifying information in cases such as this." Polakis Decl. ¶ 27.

> **Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

135. "There is nothing unique about the data in this case that would exempt it from the universal consensus of the privacy research community that there is no way to anonymize this level of precise geolocation information." Polakis Decl. ¶ 30.

> **Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

**Defendant's Response:** The statement is not supported by the cited declaration and is contradicted by the evidence in this case, and therefore cannot create any genuine issue of material fact. [redacted] *Supra*, DSOF ¶ 196.

[redacted]

**Defendant's Response:** Admit. For completeness, Vallina-Rodriguez testified that [redacted] Ex. F, Vallina-Rodriguez Dep. at 272:18-273:18.

[redacted] In both the Geolocation Study and in this case, the users of the cell phones were located throughout the United States. *See* Kopel Decl. Ex. 77 at 6 (study used "a bounding box that covers the mainland area of the United States"); [redacted]

**Defendant's Response:** The statement is not supported by the cited evidence or any admissible evidence and therefore cannot create any genuine dispute of material fact. The statements from the referenced study are inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (While an expert witness may rely on hearsay to form an opinion, Plaintiff may not use an expert witness "simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.") (quoting *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007)). Admit that users of cell phones can be located through the United States.

[redacted]

**Defendant's Response:** Paragraph 139 consists of speculation and opinion, not a statement of fact, and therefore cannot create any genuine dispute of material fact; to the extent it is based on statements in underlying studies, it is hearsay as set forth *supra*¸ and cannot create a genuine dispute of material fact for that additional reason. It is also contradicted by Vallina-Rodriguez's own testimony. Vallina-Rodriguez admits that [redacted]

[redacted] Ex. F, Vallina-Rodriguez Dep. at 155:6-156:9. As Vallina-Rodriguez testified, [redacted] *Id.* at 153:23-154:21.

140. The senior author of the Geolocation Study agrees with Dr. V.R.:

> Dr. Vallina-Rodriguez's comparison of the data at issue in this case with the data examined in the existing literature on this topic, including my own cited studies, persuasively demonstrates that the findings of those studies apply here with equal force. In this regard, I agree with Dr. Vallina-Rodriguez that the findings of my Geolocation Study demonstrate that users of the Hearst Apps are reasonably and foreseeably likely to be identified by disclosure of 250 spatiotemporal points.

Polakis Decl. ¶ 31.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine issue of material fact. The referenced document is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). In any event, this statement does not relate to a material issue of fact: it is irrelevant to any allegation or data in this case, and moreover, the statement discusses [redacted] *supra*, DSOF ¶¶ 21-23. The statement is further immaterial in that it [redacted]

[redacted] *See, e.g.*, Ex. F, Vallina-Rodriguez Dep. at 259:8-15; 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is not supported by any admissible evidence in this case and therefore cannot create any genuine issue of material fact. The referenced study is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). Moreover, the statement is contradicted by [redacted]. *See supra*, PSOF ¶ 129. In any event, the statement does not relate to a material issue of fact, because [redacted] Ex. F, Vallina-Rodriguez Dep. at 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is not supported by any admissible evidence in this case and therefore cannot create any genuine issue of material fact. The referenced study is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). Moreover, the statement is contradicted by [redacted] *Id.* at 153:23-154:21.

[redacted]

**Defendant's Response:** The statement is not supported by any admissible evidence in this case and therefore cannot create any genuine issue of material fact. The referenced study is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). Moreover, the statement is contradicted by [redacted] *See supra*, PSOF ¶ 129. The statement also mischaracterizes that hearsay evidence, as its characterization of [redacted] Ex. F, Vallina-Rodriguez Dep. at 257:6-10. In any event, Vallina-Rodriguez's testimony directly controverts [redacted] *Id.* at 153:23-154:21.

[redacted]

**Defendant's Response:** This statement is directed to a class of plaintiffs, whereas the Court has denied class certification and therefore cannot create a genuine dispute of material fact. ECF No. 136. Moreover, the statement does not relate to a material issue of fact because [redacted], *supra*, DSOF ¶¶ 21-23. Finally, Vallina-Rodriguez acknowledges, and Plaintiff admits, that [redacted]. PSOF ¶ 129.

146. The system from the Geolocation Study "does not take into consideration the content and semantics of the tweets posted, but only the temporal characteristics and distribution of the tweets in each cluster. It should be emphasized that our work focuses on location metadata and not the tweet content." Kopel Decl. Ex. 77 at 3.

**Defendant's Response:** The statement is not supported by any admissible evidence in this case and therefore cannot create any genuine issue of material fact. The referenced study is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). In any event, the statement does not relate to a genuine issue of material fact, because even if the "system" referenced in the statement does not depend on tweet content, Vallina-Rodriguez testified that [redacted] Ex. F, Vallina-Rodriguez Dep. at 155:6-156:9.

147. In the Geolocation Study, the content of tweets was solely used in the Geolocation Study to validate and quantify the accuracy of the findings of application of the methodology to the sets of geolocation points. Kopel Decl. Ex. 77 at 6 ("While our home/work identification algorithms focus on spatio-temporal characteristics, creating the ground truth mandates an analysis of the tweets' content.").

**Defendant's Response:** The statement is not supported by any admissible evidence in this case and therefore cannot create any genuine issue of material fact. The referenced study is without foundation under Fed. R. Evid. 602 and is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. *See United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). In any event, even if validation was the sole use of the content of the tweets, Vallina-Rodriguez acknowledged that [redacted]. Ex. F, Vallina-Rodriguez Dep. at 277:13-279:21.

148. The point of the ground truth in the Geolocation Study was to prove the effectiveness of the methodology so it could be used on other datasets. As the study's author explains:

> once a methodology or tool has been empirically tested and evaluated, other researchers can then also employ that tool as part of their research. If researchers had to create new ground truth datasets and re-evaluate every single previously-evaluated (peer-reviewed) technique for every new research study, scientific progress would come to a halt.

Polakis Decl. ¶ 27.

**Defendant's Response:** The statement relies entirely on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

149. The results of the de-anonymization of class members can be validated:

> by seeing if separate pieces of HTV data can be mapped back to the same person. For instance, if analysis of an account's geolocation data leads to a specific name, and that same name is also separately found to be associated with the accompanying email address or mobile advertising ID from the HTV data, we can then confirm that the deanonymization process was correct.

Polakis Decl. ¶ 28; [redacted]

**Defendant's Response:** The statement relies on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay, and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15. No additional response is necessary, but if an additional response were deemed necessary merely because the statement includes an additional citation to Dippon's deposition, the deposition citation misrepresents Dippon's testimony, [redacted] Ex. F, Vallina-Rodriguez Dep. at 129:17-130:3. Finally, this statement is directed to a class of plaintiffs, whereas the Court has denied class certification and therefore cannot create a genuine dispute of material fact. ECF No. 136.

[redacted]

**Defendant's Response:** The cited testimony and documents do not support the statement made and therefore cannot create a genuine dispute of material fact. There is no evidence that [redacted] *See, e.g.*, DSOF ¶ 238; PSOF ¶¶ 56-57; Ex. A, Rosellini

Decl. ¶ 30. In any event, there is no evidence that [redacted]. *See, e.g.*, DSOF ¶¶ 238, 249, 251.

[redacted]

**Defendant's Response:** The cited testimony does not support the statement made and therefore cannot create a genuine dispute of material fact. In any event, the unsupported statement that [redacted] is irrelevant to Plaintiff's claim and therefore does not create any genuine issue of material fact.

[redacted]

**Defendant's Response:** Paragraph 152 consists of speculation and opinion, not a statement of fact, and therefore cannot create any genuine dispute of material fact. To the extent it can be construed to include a factual statement that [redacted] Ex. F, Vallina-Rodriguez Dep. at 318:5-7. Moreover, whether [redacted] is irrelevant to Plaintiff's VPPA claim.

[redacted]

**Defendant's Response:** Admit. This statement does not relate to any genuine issue of material fact, because [redacted]. *See supra*, DSOF ¶ 78. In fact, Vallina-Rodriguez also testified that [redacted]

[redacted] Ex. F, Vallina-Rodriguez Dep. at 116:15-19.

[redacted]

**Defendant's Response:** Paragraph 154 consists of speculation and opinion, not a statement of fact, and therefore cannot create any genuine dispute of material fact. To the extent it can be construed to include a factual statement, it is not supported by the cited document or any admissible evidence in the record (and Plaintiff cites none). Vallina-Rodriguez conducted no analysis of the HTV data. Moreover, [redacted] *See, e.g.*, *supra*, PSOF ¶ 74. In fact, Vallina-Rodriguez also testified that [redacted] x. F, Vallina-Rodriguez Dep. at 116:15-19. In any event, this statement does not relate to any material issue of fact, because [redacted] *See supra*, DSOF ¶ 78.

[redacted]

**Defendant's Response:** This statement is directed to a class of plaintiffs, whereas the Court has denied class certification and therefore cannot create a genuine dispute of material fact. ECF No. 136. Moreover, this statement relies in part on the Polakis Declaration, which was stricken by the Court and is inadmissible hearsay and therefore cannot create a genuine dispute of material fact. *See* ECF No. 136 at 8-10, 15.

[redacted]

**Defendant's Response:** Admit. The statement does not relate to a genuine issue of material fact because Defendant did not cite—or in any other way rely on—Dippon in support of its motion for summary judgment. Even on class certification, for which Defendant cited Dippon, Defendant has never relied on or proffered Dippon as an expert in human trajectories.

[redacted]

**Defendant's Response:** Admit. The statement does not relate to a genuine issue of material fact because Defendant did not cite—or in any other way rely on—Dippon in support of its motion for summary judgment. Even on class certification, for which Defendant cited Dippon, Defendant has never relied on or proffered Dippon based on his research into the academic literature for this case.

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony and therefore cannot create any genuine dispute of material fact. The statement mischaracterizes the quoted deposition testimony. In any event, the statement does not relate to a genuine issue of material fact because Defendant did not cite—or in any other way rely on—Dippon in support of its motion for summary judgment.

159. "Misuse of location data can lead to damaged reputation, harassment, mugging, as well as attacks on an individual's home, friends or relatives." Kopel Decl. Ex. 76 at 16.

**Defendant's Response:** The statement is not supported by admissible evidence and therefore cannot create any genuine dispute of material fact. The statement constitutes a quotation from a document that is inadmissible hearsay under Fed. R. Evid. 802 and no exception applies. In any event, the statement does not relate to a material issue of fact, because the harms addressed in this statement are unrelated to the harms alleged by Therrien or protected by the VPPA.

[redacted]

**Defendant's Response:** The statement is too vague and ambiguous to be admitted or disputed, but in any event is not supported by the cited testimony and cannot create a genuine dispute of material fact. As the cited testimony and other evidence indicates, [redacted]

[redacted] *See, e.g.*, Ex. B, Rosellini Dep. at 28:4-28:16, 51:22-23 [redacted] 85:21-86:11 [redacted]), 118:22-119:4; DSOF ¶¶ 131-134, 151-152, 178, 193-196, 220. The statement is also irrelevant to Plaintiff's claim and therefore does not create any genuine issue of material fact. *See, e.g.*, DSOF ¶¶ 238, 249, 251.

[redacted]

**Defendant's Response:** Paragraph 161 does not define "PII" and therefore cannot be admitted or disputed and cannot create any genuine dispute of material fact. To the extent "PII" is used to mean "personally identifiable information" as defined by the VPPA, the statement is not supported by the evidence cited and therefore cannot create a genuine dispute of material fact. PII under the VPPA is defined as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider", and [redacted]. To the extent "PII" is used to mean something *other than* the VPPA's definition, it is irrelevant and cannot be used to create any genuine dispute of material fact. In any event, the cited page of [redacted]

[redacted]

**Defendant's Response:** The statement not supported by the cited testimony and therefore cannot create a genuine dispute of material fact. [redacted] is not relevant to Plaintiff's claim and therefore cannot create a genuine dispute of material fact.

[redacted]

[redacted]

**Defendant's Response:** Paragraph 163 misconstrues the language on page HTV-000122 of HTV's Privacy Notice; [redacted]. Kopel Decl. Ex. 51 at HTV-000121-122. There is no evidence in this case that HTV has obtained any information about Plaintiff [redacted]. The statement therefore cannot create any genuine dispute of material fact.

## V. THE COID/ARTID AND URL OF THE ARTICLES DISCLOSES THE VIDEOS REQUESTED OR OBTAINED BY CLASS MEMBERS, AS WELL AS THEIR SUBJECT MATTER

[redacted]

**Defendant's Response:** The statement is not supported by the cited testimony [redacted] and therefore cannot create a genuine dispute of material fact, but HTV admits that [redacted] *See* Ex. B, Rosellini Dep. at 27:3-19 [redacted] 135:23-25; Ex. A, Rosellini Decl. ¶ 7 [redacted]); *id.* ¶ 25 [redacted] *id.* ¶ 33 [redacted] *id.* ¶¶ 38, 49 ([redacted]

[redacted]

**Defendant's Response:** Admit that [redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create a genuine dispute of material fact. *See, e.g.*, Ex. B, Rosellini Dep. at 70:11-71:24; Ex. A, Rosellini Decl. ¶ 52.

[redacted]

**Defendant's Response:** The statement is not supported by the cited evidence and therefore cannot create a genuine dispute of material fact. Plaintiff did not put [redacted] in evidence, mark them as exhibits, or otherwise note or describe them during Mr. Rosellini's deposition. *See* ECF No. 127 (Kopel Decl.); Ex. B, Rosellini Dep. at 194:21-203:10. The cited testimony is that [redacted] *See* Ex. B, Rosellini Dep. at 198:13-201:20; *see also id*. at 194:21-203:10.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence or proper foundation, the referenced testimony is outside the scope of Vint's Expert Report, the referenced article and videos are not in evidence, and therefore the statement cannot create a genuine dispute of material fact. *See* ECF No. 127 (Kopel Decl.). Vint's testimony with respect to those websites, the articles, and videos played during his deposition are inadmissible hearsay to the extent Plaintiff is offering the testimony to introduce the websites, articles, and videos for their truth of their content. Nothing on the WCVB website was part of Vint's opinions or expert report in this case. *See* Ex. H. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp*., No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also,* Judicial Forum Survey at

https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports"); *cf. United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). [redacted] Vint Dep. at 195:22-197:5, 199:20-25. In any event, the statement is not relevant to Plaintiff's Claim because [redacted] the statement therefore is not related to any genuine issue of material fact.

[redacted]

**Defendant's Response:** The statement is not supported by admissible evidence or proper foundation, the referenced testimony is outside the scope of Vint's Expert Report, the referenced article and videos are not in evidence, and therefore the statement cannot create a genuine dispute of material fact. *See* ECF No. 127 (Kopel Decl.). Vint's testimony with respect to those websites, the articles, and videos played during his deposition are inadmissible hearsay to the extent Plaintiff is offering the testimony to introduce the websites, articles, and videos for their truth of their content. Nothing on the WCVB website was part of Vint's opinions or expert report in this case. *See* Ex. H. No hearsay exception applies because an opponent's expert is independent of the party that hired him. *See Soitec, SA v. Silicon Genesis Corp*., No. 99-10826, 2002 WL 34453284, at *1 (D. Mass. Feb. 25, 2002); *see also*, Judicial Forum Survey at https://www.mad.uscourts.gov/boston/stearns.htm, Q20 at A20 ("Experts are limited, at trial, to testify within scope of their reports"); *cf. United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015). In any event, HTV does not dispute that [redacted]

[redacted]. Kopel Decl. Ex. 11, Vint Dep. at 195:22-197:5, 199:20-25; *see also* DSOF ¶ 91. The statement in the reference paragraph, however, is not relevant to Plaintiff's Claim because [redacted]; the statement therefore is not related to any genuine issue of material fact.

## VI. DEFENDANT KNOWINGLY VIOLATED THE VPPA

[redacted]

**Defendant's Response:** Admit, but the statement is irrelevant to Plaintiff's claim. *See also* Ex. B, Rosellini Dep. at 33:23-34:5, 36:12-38:4.

[redacted]

**Defendant's Response:** Admit, but the statement is irrelevant to Plaintiff's claim. *See also* Ex. B, Rosellini Dep. at 33:23-34:5, 36:12-38:4.

[redacted]

**Defendant's Response:** The statement is not supported by the testimony cited, is irrelevant to Plaintiff's claim, and therefore cannot create a genuine dispute of material fact. In any event, Mr. Rosellini testified that [redacted] Ex. B, Rosellini Dep. at 37:16-38:4; *see also* Ex. A, Rosellini Decl. ¶¶ 37-39 ([redacted]

[redacted]

[redacted]

**Defendant's Response:** The statement is not supported by the testimony cited but is also irrelevant to Plaintiff's claim and therefore cannot create a genuine dispute of material fact. In any event, Mr. Rosellini testified that [redacted] Ex. B, Rosellini Dep. at 37:16-38:4; *see also* DSOF ¶¶ 115-19, 123-24, 209, 247.

174. Defendant did not instruct Braze to retain Class Member data even after Defendant knew of its relevance following the action's commencement on May 5, 2023, nearly a year before the end (and amounting to approximately 38%) of the Class Period. ECF No. 1.

**Defendant's Response:** The statement is not supported any evidence, the citation to the original Complaint is not evidence and would not support the statement if it were, and "Class Member data" is not defined, class certification has been denied, and therefore cannot create any genuine dispute of material fact. It is, however, disputed. Plaintiff sought only limited discovery from HTV or Braze with respect to data relating to HTV App users, which data was produced in this case. Plaintiff had full opportunity to question Mr. Rosellini about data retention during his deposition, but chose not to. *See* ECF No. 68-4 at 114-116 (Plaintiff's Notice of 30(b)(6) Deposition of HTV, *e.g.*, topics 17, 18 & 22); *see generally* Ex. B, Rosellini Dep.; *see also id*. at 109:21-110:9; *see also* DSOF ¶¶ 195, 197, 198. Counsel for Plaintiff informed the Court that they had all the data they needed when they sought to amend the Complaint for a second time to substitute Plaintiff Therrien, and have elsewhere acknowledged that they received data relating to prior Plaintiff Saunders from Braze. *See* ECF No. 67 at 2 ("Importantly, no additional discovery or modification of the class certification deadline is needed."); ECF No. 76 at 4; PSOF ¶¶ 116, 198.

[redacted]

**Defendant's Response:** The statement accurately reflects counsel's question to Mr. Rosellini but does not create any genuine dispute of material fact precluding summary judgment because it is irrelevant to Plaintiff's claim. Plaintiff does not claim to have made any "video purchase", and HTV did not move for summary judgment on the element of "consent" under the VPPA.

[redacted]

**Defendant's Response:** Paragraph 176 improperly attempts to incorporate Counsel's characterization (which is without foundation) into a factual "statement" and therefore cannot create any genuine dispute of material fact. The statement also is irrelevant because HTV did not move for summary judgment on the element of "consent" under the VPPA, and therefore the statement is not related to any genuine issue of material fact.

Dated: March 4, 2025

Respectfully submitted,

*/s/ Matthew Greenfield*

Matthew Greenfield (Mass. BBO No. 684596)
Jonathan R. Donnellan*
Andrea R. Butler*
Kristen Hauser*
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 649-2484
Fax: (212) 554-7000
matthew.greenfield@hearst.com
jdonnellan@hearst.com
abutler@hearst.com
khauser@hearst.com

*Admitted Pro Hac Vice

*Attorneys for Defendant Hearst Television Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 4, 2025

By: *_/s/ Matthew Greenfield_*
Matthew Greenfield